## McGURTY v. NEW AMSTERDAM GAS CO.

(Supreme Court, Appellate Division, Second Department.   November 28, 1906.)

DEATH—RIGHT OF ACTION—PERSONS ENTITLED TO SUE.

Where an action for the wrongful death of plaintiff's infant son was dismissed for default, and the claim was afterwards settled out of court, plaintiff's widow could not open the default and have the case restored for trial; since, under Code Civ. Proc. § 2732, subd. 7, providing that the surplus of the personal property of an intestate leaving no child or widow shall go to his father, plaintiff was solely entitled to recover in the action and to settle it.

Appeal from Special Term, Kings County.

Action by James McGurty, administrator, against the New Amsterdam Gas Company. From an order allowing a motion to open plaintiff's default and restoring the case for trial, defendant appeals. Order reversed. Motion denied.

The complaint is by James McGurty, as administrator, for the death of his infant son by the alleged negligence of the defendant. The cause was answered "Ready" on the day calendar by both sides on November 21 and 22, 1905, on the morning call, but, when reached for trial on November 22d, the plaintiff's attorney said orally in general terms that he could not go on as he had not been able to procure the attendance of the only witness he had to prove the negligence. The calendar rules required that the excuse be presented by affidavit, and on the call of the calendar while the case was yet on the reserve section. The trial judge refused to postpone, and dismissed the case. Thereafter the plaintiff and his attorney agreed to a settlement of the action with defendant's attorney for the sum of $250, $87.50 of which was to be paid to the plaintiff's attorney. On November 27th the plaintiff signed a petition to the surrogate to enlarge his limited letters of administration, executed and delivered a general release of the cause of action, and received from the defendant's attorney his share of the settlement, $162.50; the balance, $87.50, being at the same time paid to his attorney. A stipulation discontinuing the action was at the same time executed and exchanged by the attorneys, and an order was entered thereon next day. The plaintiff died on December 4, 1905, and in September, 1906, his widow made this motion to open the default. She has never been appointed administratrix and is not a party to the action.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

James M. Seaman and Edwin A. Jones, for appellant.
Frank F. Davis, for respondent.

PER CURIAM. The order appealed from must be reversed. The decedent left no children or widow, and his father was therefore entitled to all that might be recovered in the action. Code Civ. Proc. § 2732, subd. 7; Lipp v. Otis Bros., 161 N. Y. 559, 56 N. E. 79. He had a right to settle the action, and did so. His widow has no standing to upset such settlement, nor has she any standing at all in this action.

The order is reversed, and the motion is denied.