## In re TAYLOR.

(Supreme Court, Appellate Division, Second Department.   May 5, 1911.)

1. DEATH (§ 11*)—NEW CAUSE OF ACTION.

    Act Cong. April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), as amended by Act April 5, 1910, c. 143, 36 Stat. 291, relating to the liability of common carriers by railroad to their employés in certain cases, and giving a right of action for wrongful death, should be construed as one granting a new remedy where none or a less adequate one existed under state laws; and an administratrix appointed under the laws of New York may not use such statute for the purpose of defeating the statute of such state regulating the distribution of personal property, she having a complete remedy under Code Civ. Proc. §§ 1902–1905.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 15; Dec. Dig. § 11.*]

2. COURTS (§ 512*)—JURISDICTION—COMITY.

    When the courts of New York assume jurisdiction of a right of action given by foreign laws, there is no obligation that such right of action be asserted under the state's remedial forms; but it may be asserted in the form permitted under the foreign laws, though such right of action cannot be enforced by comity beyond the extent of such remedial limitations as our public policy attaches to kindred rights of action arising under our own laws.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1432; Dec. Dig. § 512.*]

3. MASTER AND SERVANT (§ 112*) — APPLIANCES—RAILROADS — INJURIES TO SERVANT.

    A railroad, negligent in failing to keep its track reasonably safe, is liable at common law to its servants injured thereby.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 218–223; Dec. Dig. § 112.*]

Appeal from Special Term, Orange County.

Application by Sextus E. Taylor to compel Susan J. Taylor, as administratrix, etc., of Howard Taylor, deceased, to turn over certain moneys. From an order denying the motion, petitioner appeals. Reversed and remitted, with directions.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George V. S. Williams, for appellant.        \
Frank Lybolt, for respondent.

CARR, J.   On August 5, 1910, one Howard Taylor, a resident of Orange county, in this state, while engaged as a locomotive fireman by the Erie Railroad Company, a corporation of this state, met with an accident which caused his death.   The accident happened through a collision between the locomotive of a train of cars and some rock and earth which had fallen upon the track.   The train was at that time engaged in a trip from Port Jervis, in this state, to Jersey City, in the state of New Jersey, and the accident occurred within this state.   Taylor left him surviving no children nor descendants, but only a widow and a father.   The widow was appointed as administratrix of the estate of the decedent by the Surrogate's Court of Orange County.   She brought an action as administratrix against the railroad company in the Supreme Court in Orange County to recover damages for the death of her husband.   The defendant in that action thereupon made a written offer of judgment against it in the sum of $5,000.   The plaintiff applied to the Surrogate's Court for its approval of the offer of compromise or judgment, and, such approval being granted, she accepted the offer, and judgment was duly entered against the defendant in her favor, and the amount thereof was paid over to her in satisfaction.   The decedent's father thereupon moved at Special Term in this court for an order directing the plaintiff in that action to pay over to him one-half of the net proceeds of the judgment, in accordance with our statute of distributions.   This motion was denied, and an order was entered determining that the plaintiff, as widow of the decedent, was entitled to receive and retain for her own use all of the net proceeds of said judgment.   From that order, the decedent's father, Sextus Taylor, now appeals.

[1] Actions by the personal representatives of deceased persons to recover damages for the death of the decedent through the wrongful act, negligence, or default of another person, or of a corporation, are regulated in this state by sections 1902, 1903, 1904, and 1905 of the Code of Civil Procedure.   These sections define the circumstances under which such actions may be brought, the extent of the recovery, and the method of distribution of the damages recovered.   In section 1903 it is provided that such damages "are exclusively for the benefit of the decedent's husband or wife, and next of kin; and * * * they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration."   By section 1905 the term "next of kin" as used in the foregoing sections is defined to have the meaning specified in section 1870 of the Code.   On reference to that section, it is found that the term "next of kin" includes all persons entitled, under the provisions of law relating to the distribution of personal property, to share in unbequeathed assets of a decedent after the payment of debts and expenses, other than a surviving husband or wife.   The provisions of law relating to the distribution of such personal property are to be

found in section 98 of the decedent estate law (Consol. Laws 1909, c. 13), and in subdivision 7 of said section it is provided as follows:

"If the deceased leave a father and no child or descendant, the father shall take one-half if there be a widow, and the whole if there be no widow."

Sections 1902 to 1905 of the Code of Civil Procedure are but re-enactments of chapter 450 of the Laws of 1847, as amended by chapter 256 of the Laws of 1849 and chapter 78 of the Laws of 1870. In all of these acts, the damages recoverable in the action authorized by them are set apart for the exclusive benefit of the husband or widow *and* next of kin of the decedent, to be distributed as if they constituted the net unbequeathed assets of the decedent's estate. Section 18 of article 1 of our state Constitution provides that:

"The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

The "right of action" so referred to was the right of action given under the statute of 1847, as amended, and was a right of action given for the benefit of the husband or widow *and* next of kin of the decedent, and it was thus placed beyond any interference by the Legislature as to its essential elements. Yet all these provisions of our statutes and of our Constitution relate only to rights of action arising under our own laws, and not to rights of action given under foreign laws and enforced in our courts by a rule of comity. The accident in which the decedent, Taylor, met his death, happened in this state, the defendant in the action was a corporation of this state, the plaintiff obtained her legal right to bring an action under the laws of this state, and the right of action was enforced in the courts of this state. It would follow, therefore, necessarily that the distribution of the proceeds of the judgment so obtained should be made according to the statutes of this state, unless the right of action did not arise under the laws of this state, but arose under the laws of some other jurisdiction which provide a different scheme of distribution.

[2] When our courts assume jurisdiction of a right of action given under foreign laws, there is no obligation that such right of action shall be asserted wholly under our remedial forms, but it may be asserted in the form permitted under the foreign laws. At the same time, such right of action cannot be enforced in our courts by comity beyond the extent of such remedial limitations as our public policy attaches to kindred rights of action arising under our own laws. Wooden v. Western New York & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803. The respondent here justifies the order made at Special Term on the theory that the judgment obtained in the action in this court was based upon a right of action given by the laws of the United States, and not by the laws of this state, though enforced by comity in our court, and the proceeds thereof must be distributed in the manner specified by the laws which give the right of action, though such method differs from our own. As a general proposition this is, no doubt, true enough in relation to rights of action enforced in our courts simply through the rule of comity.

The question directly involved in this appeal relates to whether the right of action enforced by the administratrix of Taylor, deceased, arose under our laws or was given exclusively by the laws of another jurisdiction. The respondent claims that this right of action arose under an act of Congress approved April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases," as amended by an act of Congress approved April 5, 1910 (Act April 5, 1910, c. 143, 36 Stat. 291), entitled "An act to amend an act entitled 'An act relating to the liability of common carriers,'" etc. The first of these statutes provided that:

"Every common carrier by railroad, while engaging in commerce between any of the several states or territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents, and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." Section 1, c. 149, Sess. 1 of Sixtieth Congress, U. S. Statutes at Large, vol. 35, part 1, p. 65.

The same statute further provided, in section 3, that in actions brought under its provisions, contributory negligence shall not bar a recovery, "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé;" and it further provided that, where the violation by the common carrier of any statute enacted for the safety of employés contributed to the injury or death of an employé, he shall not be held to have been guilty of contributory negligence. Section 4 contains a similar provision as to the assumption of risks by the employé. The amendatory act of 1910 amends section 6 of the act of April, 1908, to provide as follows:

"Sec. 6. That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued. Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The act of 1908 was further amended by the act of 1910 by adding a new section (section 9) as follows:

"Sec. 9. That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury."

Turning to the complaint in the action in our court, in which the plaintiff set forth a cause of action for damages, we see that she alleges as follows: (1) That the defendant is a domestic corporation;

(2) her appointment as administratrix of the decedent; (3) his employment as a locomotive fireman by the defendant; (4) the decedent's death from an injury while working on one of defendant's trains at a place called Howells, in Orange county, in the state of New York, through a collision between the locomotive and a large quantity of rock which had fallen or slid upon the track; (5) that the collision was caused by the "negligence and carelessness of defendant and of its agents, servants and employés, in that each of them violated the duty imposed upon them by the act of Congress hereinafter referred to"; (6) that the decedent was free from contributory negligence, and that the widow of the decedent was the only person dependent upon him for support; (7) that the train in question was engaged in interstate commerce at the time of the accident, and that the action was brought pursuant to an act of Congress approved April 22, 1908.

The question now before this court is quite different from that presented to the Supreme Court of Connecticut in Hoxie v. N. Y., N. H. & H. R. R. Co., 82 Conn. 352, 73 Atl. 754. There it was held that the courts of that state should decline jurisdiction of an action brought under this act of Congress to recover damages for the death of a decedent caused by an accident happening in the commonwealth of Massachusetts. The discussion in the opinion of the court is most interesting and valuable. The chief ground on which the decision was based was that the remedies granted by the act of Congress in question were so opposed to the common law and public policy of Connecticut that the courts of that state should refuse to enforce them under any rule of comity. In the precise case before that court, there would have been no liability upon the defendant under the laws of Connecticut.

Here, in the case at bar, our courts did assume jurisdiction without question by the defendant, and judgment was entered on consent and satisfied. Whether our courts should assume jurisdiction of an action resting entirely upon this act of Congress is a question to be determined when it is raised by some corporation which resists its application, and not in a case like the present one. For here it must be noted and kept in mind that the complaint on which the administratrix of the decedent came into our courts set forth facts which constituted a cause of action under the laws of this state.

[3] The collision described in the complaint must have happened necessarily from either one of two causes, or from a combination of both. If the defendant was negligent in failing to keep its track reasonably safe, then it was liable to its servants at common law. Kuhn, v. D. L. & W. R. R. Co., 92 Hun, 74, 36 N. Y. Supp. 339; s. c., 153 N. Y. 683, 48 N. E. 1105; True v. Niagara Gorge R. R. Co., 70 App. Div. 383, 75 N. Y. Supp. 216; s. c., 175 N. Y. 487, 67 N. E. 1090. If the proximate cause of the accident was the negligence of the engineer in charge of the train in running the locomotive into an open obstruction, then the defendant was liable under section 42a of our railroad law (Consol. Laws 1910, c. 49, § 64); for, under that statute, the engineer was a vice principal.

The complaint alleges, further, that there was no contributory negligence of the decedent, and such must be assumed to be the case.

Therefore the plaintiff had a complete right of action under our laws, without resort to the act of Congress. Whether this act of Congress is a valid exercise of the federal power to regulate interstate commerce has not been determined at this writing by the Supreme Court of the United States, though there are numerous authorities in the lower federal courts so deciding. In view of the intimations of the Supreme Court in Howard v. Illinois Central R. Co., 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, and in Adair v. United States, 208 U. S. 161, 28 Sup. Ct. 277, 52 L. Ed. 436, it may be assumed, for the purposes of this opinion, that the legislation in question is a constitutional exercise of the power to regulate interstate commerce, though it may be said that the question is not free from doubt, or, at least, free from reasonable debate.

Assuming its validity, it is certainly questionable that Congress intended to supplant the laws of such states as afforded already a remedy as adequate as that which it granted itself. Take the case at bar, if the act of Congress here applies, and displaces the remedial laws of this state as applied to this cause of action, the only substantial effect thereof is to change the method of distribution of the proceeds of recovery under an existing right of action. If Congress has such power in the premises, it must not be deemed to have attempted to exercise it, unless the intent be unmistakable. To carry its assumed power to such extent would be an advance into governmental territory heretofore free from invasion, and one fraught with dangerous consequences, considering the dual nature of our political systems and the absolute necessity that the functions of each should be kept sharply distinct. We are of opinion that the act of Congress in question should be construed as one granting a new remedy, under certain circumstances, where none, or a less adequate one, existed under the state laws, and as not intended to supplant or abrogate a right of action of practically equal extent existing under the laws of this state. It is only on the theory that this act of Congress constitutes the exclusive rule applicable to the facts of the case before us that the order of the Special Term can be upheld. If the remedy afforded by our laws be concurrent with that provided by Congress, then we think that our public policy will not permit an administratrix, appointed by our courts under our laws, to use the federal statute simply for the purpose of defeating our statute of distribution of personal property.

We think that the order appealed from should be reversed, with $10 costs and disbursements, and the matter should be remitted to the Surrogate's Court of Orange County, to be disposed of as provided in section 1903 of the Code of Civil Procedure.

JENKS, P. J., and HIRSCHBERG and BURR, JJ., concur. THOMAS, J., not voting.