## CARPENTER v. BUFFALO GENERAL ELECTRIC CO.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. DEATH (§ 101*)—DAMAGES—"NEXT OF KIN."

The term "next of kin," as used in Code Civ. Proc. §§ 1902–1905, providing that the recovery in an action for wrongful death shall be exclusively for the benefit of decedent's next of kin, includes all those entitled under the law relating to the distribution of personal property to share in the unbequeathed assets of decedent after payment of debts and expenses other than the surviving husband or wife.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*

For other definitions, see Words and Phrases, vol. 5, pp. 4798–4804; vol. 8, p. 7732.]

2. DEATH (§ 101*)—DAMAGES—PERSONS ENTITLED—WHAT LAW GOVERNS.

Whether the natural father of an adopted child or the brothers or sisters of his foster mother were his next of kin so as to be entitled to damages recovered for his wrongful death must be determined by the law in force at the time of his death, rather than at the time of the adoption.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. DEATH (§ 101*)—DISTRIBUTION OF AMOUNT RECOVERED—INHERITANCE FROM
ADOPTED CHILD—NEXT OF KIN.

At the time of the death of an adopted child, the law as to descent
from him provided (Domestic Relations Law [Consol. Laws 1909, c. 14]
§ 114) that the foster parents and the adopted minor sustained toward
each other the legal relation of parent and child, and have all the rights
and are subject to all the duties of that relation including the right of
inheritance from each other, with certain immaterial exceptions. De-
cedent was adopted by his maternal aunt, who died, leaving as her only
heirs and next of kin one brother and two sisters, one of whom was
decedent's natural mother. Decedent died unmarried without brothers
or sisters, survived, however, by both his natural mother and father.
*Held*, that the brother and sisters of decedent's foster mother, including
his natural mother, and not his natural father, were his next of kin, en-
titled to damages recovered for his wrongful death.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec.
Dig. § 101.*]

Foote, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Margaret E. Carpenter, as administratrix of Frank L.
Carpenter, deceased, against the Buffalo General Electric Company.
From a judgment for plaintiff and an order denying a new trial, de-
fendant appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON,
FOOTE, and LAMBERT, JJ.

Hugh E. Rourke and Alfred L. Becker, both of Buffalo, for appel-
lant.

Carleton H. White, of Buffalo, for respondent.

KRUSE, J. The defendant appeals from a judgment entered upon
a verdict for $5,000, recovered as damages for the death of plaintiff's
intestate, resulting from the negligence of the defendant, in whose
employ decedent was at the time of his death, and from an order deny-
ing defendant's motion for a new trial.

The only question raised upon this appeal relates to the damages.
The decedent was an adopted son, and the question is, who are his next
of kin? He was 31 years of age at the time of his death. He had
never married, and never had a brother or sister. He was adopted by
his aunt, a sister of his natural mother, pursuant to the provisions of
chapter 830 of the Laws of 1873. The foster mother predeceased the
decedent. She died leaving her surviving as her only heirs and next
of kin one brother and two sisters, one of whom is decedent's natural
mother and all of whom are still living. The decedent's natural father
also survived him, and is still living. If the foster mother's brother
and sisters are the next of kin of plaintiff's intestate, as the trial court
held, the defendant does not challenge the amount of the recovery;
but defendant claims they are not, contending that, the foster mother
having predeceased plaintiff's intestate, the natural father is the sole
next of kin beneficially interested in any recovery that may be had in
the action.

[1] While such an action as this is required to be brought in the

name of the executor or administrator of the decedent, the recovery is exclusively for the benefit of the decedent's next of kin, he having left no wife (Code of Civil Procedure, §§ 1902, 1903, 1904, 1905), and the term "next of kin" includes all those entitled under the provisions of law relating to the distribution of personal property to share in the unbequeathed assets of a decedent after payment of the debts and expenses, other than a surviving husband or wife. By subdivision 7 of section 98 of the Decedent Estate Law (Consol. Laws 1909, c. 13), the father takes the whole of the unbequeathed assets of the decedent, if the decedent leaves no widow and no child or descendant. If, therefore, the legal relation of son and father existed between the decedent and his natural father at the time of his death, unaffected by the adoption proceedings and the statute relating to adoption, the entire recovery would be distributable to the father, and he would be the only person who legally would sustain any pecuniary loss by the death of the deceased. If, upon the other hand, the natural father is not a next of kin of the decedent within the provisions of the Decedent Estate Law, and the brother and two sisters of his foster mother are to be regarded as the decedent's next of kin, then the damages sustained by them are recoverable, as was held by the trial court.

Chapter 830 of the Laws of 1873, as in force at the time the decedent was adopted, provided in section 10 that:

"A child, when adopted, shall take the name of the person adopting, and the two thenceforth shall sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation, excepting the right of inheritance. * * * *"

[2] But the question here must be determined by the law as it was at the time of the death of the decedent. U. S. Trust Co. v. Hoyt, 150 App. Div. 621, 135 N. Y. Supp. 849; Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536; Theobald v. Smith, 103 App. Div. 200, 92 N. Y. Supp. 1019; Dodin v. Dodin, 16 App. Div. 42, 44 N. Y. Supp. 800; affirmed 162 N. Y. 635, 57 N. E. 1108.

[3] At that time the statute provided that the natural parents of the adopted child should be relieved from all parental duties towards and all responsibility for, and have no rights over the child or his property, or to his property, by descent or succession, although his rights of inheritance and succession from his natural parents remained unaffected by such adoption. It further provided that the child should take the name of the foster parent, and they should sustain toward each other the legal relation of parent and child, have all the rights, and be subject to all the duties, of that relation, including the right of inheritance from each other, except as affected by certain provisions therein referred to, which have no application to this case, and concluded with this final provision:

"And such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting, but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the minor is not deemed the child of the foster parent so as to defeat the rights of the remaindermen."

In view of the provisions of that section, I am unable to see how the father would be entitled to any interest in the property of his natural son by inheritance or succession. The death of the foster mother did not restore the legal relation of parent and child between the natural father and the son, and as regards the brother and sisters of his foster mother, except the sister who is his natural mother, they would sustain precisely the same degree of relationship in succeeding to his property under the intestate laws, whether he is to be regarded a son of his natural mother or a son of his aunt, his foster mother. While the legal relation of parent and child between the natural mother and her son was severed by the adoption proceedings, it did not affect the relation between herself and her sister, who adopted her son.

Several decisions are cited by counsel upon either side of this controversy, but it is not claimed that they are decisive of this case. They give a history of adoption, but none decides the precise question here. Matter of Thorne, 155 N. Y. 140, 49 N. E. 661; United States Trust Co. v. Hoyt, 150 App. Div. 621, 135 N. Y. Supp. 849; Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536; Matter of Cook, 187 N. Y. 253, 79 N. E. 991. What is stated in some of the opinions is in line with the conclusion reached here. Gilliam v. Guaranty Trust Co., supra, 186 N. Y. 135, 78 N. E. 697, 116 Am. St. Rep. 536; Matter of Cook, supra, 187 N. Y. 260, 79 N. E. 991; Matter of MacRae, 189 N. Y. 142, 147, 81 N. E. 956, 12 Ann. Cas. 505.

I am of the opinion that the brother and sisters of decedent's foster mother, including his natural mother, are the next of kin, entitled to his property under the statutes referred to, and not his natural father; and that any damages which they have sustained resulting from the death of the decedent, through the negligence of the defendant, are recoverable in this action.

It follows that the judgment and order should be affirmed, with costs. All concur, except FOOTE, J., who dissents.