dropped out of the case before the trial. She did not appear at the trial, but accepted the offer of judgment made by the insurance company, and a separate judgment was entered thereon. Furthermore, the action was not brought to recover the loss of property covered by the mortgage, but only for the personal property.

---

(160 App. Div. 401)

### In re BRENNAN'S ACCOUNT.

(Supreme Court, Appellate Division, Second Department. January 23, 1914.)

1. DEATH (§ 11*)—CAUSE OF ACTION—NATURE—ACCRUAL.

A cause of action for damages for wrongful death is purely statutory, and is not founded on a violation of any natural right known to the common law.

[Ed. Note. –For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. § 11.*]

2. DEATH (§ 8*) — WRONGFUL DEATH — RIGHT TO SUE — DEATH IN FOREIGN STATE.

In general, no action will lie for a wrong committed out of the state which resulted in death, except where there is a statute of such foreign state authorizing a recovery on grounds substantially similar to those in force in New York, when the New York courts will entertain such action by virtue of comity.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133; Dec. Dig. § 8.*]

3. DEATH (§ 18*)—WRONGFUL DEATH—CAUSE OF ACTION.

A cause of action for wrongful death by Laws 1847, c. 450, is in the nature of a property right arising out of the interest which the beneficiary has in the life of the decedent, on whom he is or may be dependent, or to whose services he is entitled.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

4. DEATH (§ 101*)—RIGHT TO SUE—PERSONS ENTITLED TO SUE.

A right of action for wrongful death conferred by Laws 1847, c. 450, belongs to the persons named in the statute as beneficiaries of the proceeds of the judgment, and not to the administrator.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

5. DEATH (§ 24*)—WRONGFUL DEATH—NEXT OF KIN—NEGLIGENCE.

In an action for wrongful death, negligence of the sole next of kin entitled to the recovery, which contributed to the injury, if not imputable to the decedent, is not a bar to the action.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 25, 26; Dec. Dig. § 24.*]

6. DEATH (§ 9*)—WRONGFUL DEATH—DAMAGES—PERSONS ENTITLED—DISTRIBUTION—STATUTES—AMENDMENT.

Where at the time of decedent's death, Laws 1909, c. 221, was in force, providing that damages recoverable in an action for wrongful death should be exclusively for the benefit of decedent's husband or wife or next of kin, the right to sue being a vested one, the rights of such next of kin were not affected by the taking effect, before verdict, of Laws 1911, c. 122, providing that if the decedent leaves surviving a wife, but no children, the damages shall be for the sole benefit of such wife.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. § 9.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, Queens County.

Judicial settlement of the account of Margaret F. Brennan, as administratrix of Anthony J. Brennan, deceased. From a surrogate's decree directing the distribution of the possibility of a recovery by the administrator for decedent's wrongful death, Margaret F. Brennan, as administratrix, appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Charles Caldwell, of New York City, for appellant.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, on the brief), for respondent Catherine Brennan and others.

George H. Kennedy, of Buffalo, for respondent Mary Murray.

BURR, J. On January 27, 1910, Anthony J. Brennan was killed solely through the actionable negligence of the Long Island Railroad Company. He left him surviving his widow, Margaret F. Brennan, his mother, four sisters, and one brother. On April 22, 1910, his widow, having obtained letters of administration from the Surrogate's Court of Queens County, began an action to recover for the pecuniary injury resulting from his death. On the 28th of November, 1911, the jury rendered its verdict in her favor, upon which verdict judgment was entered on March 27, 1912, and on the 21st of February, 1913, said judgment was paid. Thereupon the administratrix filed a petition for the judicial settlement of her accounts. To such proceeding the mother, sisters, and brother of the decedent were made parties. The widow demanded that the entire net proceeds of said judgment be paid to her individually. Decedent's mother, sisters, and brother contended that she was entitled to one-half thereof, and that the residue should be distributed between them in accordance with the statute of distributions. The learned surrogate so determined, and the widow appeals from so much of the decree of the Surrogate's Court as directs distribution accordingly.

By stipulation in open court, made upon the argument of this appeal, the notice of appeal was amended so that it should read that this appeal is taken by Margaret F. Brennan individually, and not in her representative capacity.

The history of the statute relating to the recovery of damages for the pecuniary injury resulting from death due to negligence is as follows: In 1847 an act was passed which was entitled "An act requiring compensation for causing death by wrongful act, neglect, or default." It contained these provisions:

"Section 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in

every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property, left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person: provided that every such action shall be commenced within two years after the death of such deceased person."

Laws of 1847, chap. 450.

This act was amended in 1849 (Laws of 1849, c. 256), and again in 1870 (Laws of 1870, c. 78), in particulars not here essential. In 1880 (Laws of 1880, c. 178) similar statutory provisions were made a part of the Code of Civil Procedure, and in the same year the acts of 1847 and 1870 above referred to, and so much of the act of 1849 as related to civil liability, were repealed (Laws of 1880, c. 245; Code of Civil Procedure, §§ 1902, 1903 and 1904). In 1895 (Laws of 1895, c. 946) section 1904 was amended by an act striking out the provision limiting the amount of the recovery to $5,000. This amendment was doubtless prompted by the adoption in the Constitution of 1894 (article 1, § 18) of the following provision:

"The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

In 1904 (Laws of 1904, c. 515), and again in 1909 (Laws of 1909, c. 221), one or more of these sections were amended, and at the date of decedent's death the essential parts of the statute as it then existed were as follows:

"The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. * * * The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. * * * The damages awarded to the plaintiff may be such a sum as the jury, upon a writ of inquiry, or upon a trial, or, where issues of fact are tried without a jury, the court or the referee deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought. * * * The term 'next of kin,' as used in the foregoing sections, has the meaning specified in section 1870 of this act, except if decedent leaves surviving a father and mother but no widow, child or descendant, it shall mean both the father and the mother." Code of Civil Procedure, §§ 1902–1905.

Section 1870 of said act provided that:

"The term 'next of kin,' * * * includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent after payment of debts and expenses, other than a surviving husband or wife." Code of Civil Procedure, § 1870.

The mother, sisters, and brother of the decedent are included in the words "next of kin." Decedent Estate Law, Consolidated Laws (chap-

ter 18, Laws of 1909) § 98, subd. 6. In 1911, subsequent to the death of Anthony J. Brennan, but before the recovery of the verdict or the entry of judgment thereon, the Legislature passed an act entitled "An act to amend section nineteen hundred and three of the Code of Civil Procedure, relating to distribution of damages recovered." Laws of 1911, c. 122. This act went into effect September 1, 1911, and added to so much of section 1903 of the Code of Civil Procedure as is above quoted the following words:

"Subject, however, to the following provision, to wit: In case the decedent shall have left *him* [sic] surviving a wife, *or a husband* [sic], but no children, the damages recovered shall be for the sole benefit of such wife or husband."

As when the law was thus amended no damages had been recovered, although the death for which such damages were ultimately awarded had taken place, the question here presented is, Which rule for distribution is applicable—that in force when the verdict was rendered, or that in force when the death occurred?

The provisions of the present statute as contained in the Code of Civil Procedure are in essential features so similar to the statute of 1847, as amended, that we think that the decisions construing this earlier statute may be equally helpful with the later decisions in determining its meaning. From a consideration of these decisions we conclude that:

[1] (a) A cause of action for the recovery of damages for the pecuniary injury resulting from death is purely a statutory one. Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878. It is not founded upon the violation of any natural right known to the common law. It is a new cause of action, which is wholly distinct from and not a revivor of the cause of action which, if he had survived, the decedent would have for his bodily injury. Whitford v. Panama Railroad Co., 23 N. Y. 465; Littlewood v. Mayor, etc., of New York, 89 N. Y. 24, 42 Am. Rep. 271; Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Matter of Snedeker v. Snedeker, 164 N. Y. 58, 58 N. E. 4; Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635.

[2] Hence, as a general rule, no action will lie for a wrong committed out of this state which resulted in death (Whitford v. Panama Railroad Co., supra), but if a statute of the foreign state authorizes a recovery upon grounds substantially similar to our own, the courts of this state will entertain such action in a spirit of comity. Wooden v. W. N. Y. & P. R. R. Co., supra; Matter of Taylor, 144 App. Div. 634, 636, 129 N. Y. Supp. 378; Zeikus v. Florida East Coast Railway Co., 153 App. Div. 345, 138 N. Y. Supp. 478. This statute, therefore, is more than a statute regulating a remedy; it both creates a right and imposes a liability.

[3] (b) This cause of action is in the nature of a property right arising out of the interest which one has in the life of another upon

whom one is or may be dependent, or to whose services he is entitled. It is—

"a pecuniary right; a right having the essential attributes of property, so that when it is taken away compensation is due." Quin v. Moore, 15 N. Y. 432.

Hence in the case last cited it was held that such right was assignable before action brought. The damages allowed are—

"not for an injury to the person of the deceased, but for an injury to the estate of the beneficiary."

"This is a right of property which became vested in the beneficiaries at the moment of death, and can be converted into money through a statutory action brought for their benefit by the personal representatives, who are simply trustees for the purpose." Matter of Meekin v. B. H. R. R. Co., supra.

Hence it was held that when, subsequent to the commencement of the action, but before the recovery of judgment therein, the sole next of kin of the injured person died, the action did not abate because:

"That right of action was the property of the beneficiary which was not forfeited by his death, but became a part of his estate."

[4] (c) This right of action belongs to the persons named in the statute as the beneficiaries of the proceeds of the judgment, and not to the administrator. Wooden v. W. N. Y. & P. R. R. Co., supra; Hegerich v. Keddie, 99 N. Y. 258, 268, 1 N. E. 787, 52 Am. Rep. 25; Matter of Meekin v. B. H. R. R. Co., supra. Hence payment of a sum to one who was not one of the beneficiaries named in the statute, in full settlement of the claim for injury, has been held not to bar a subsequent action by him as the administrator of decedent to recover for such injuries for the benefit of the next of kin (Stuber v. McEntee, supra), while payment to one who was sole next of kin of a sum in settlement of such claim did bar a subsequent application after his death to set such compromise aside. McGurty v. New Amsterdam Gas Co., 115 App. Div. 668, 101 N. Y. Supp. 235.

[5] (d) This action is not brought to recover for personal injuries done to the beneficiaries, although arising out of a personal injury to another. Hence negligence of the sole next of kin which contributed to the injury, if not imputable to the decedent, is not a bar to the action. Lewin v. Lehigh Valley R. R. Co., 52 App. Div. 69, 65 N. Y. Supp. 49. It may perhaps be termed an injury to the property rights of the beneficiaries named in the statute arising out of a personal injury inflicted upon the decedent, and hence it may be necessary, in an action brought by the executor or administrator against a municipal corporation, as a condition precedent thereto, to serve a notice of intention to sue (Laws of 1886, c. 572) and to plead the service of such notice in the complaint (Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465), and such action would not survive the death of the wrongdoer (Hegerich v. Keddie, supra).

[6] If we should assume that the power of the Legislature with respect to this right of action is unrestrained by the constitutional limitation of 1894 above referred to, we think that, taking into consideration the nature, quality, and ownership of this cause of action, it was immune from attack by it so far as the designation of those persons

is concerned who were beneficiaries, named in the statute, of a person whose life was destroyed before the amendment of the statute by the act of 1911.

The learned counsel for appellant thus states his proposition:

"It is only pursuant to statute, and not to common law, that any damages can be recovered for negligence causing death," and "when a statute gives a right *in its nature not vested*" (the italics are ours) "but remaining executory if it does not become executed before a repeal of the law giving the right, it falls with the law, and cannot be therefore enforced."

But if we have correctly construed this statute, if it does create a property right in the beneficiaries, of necessity that right accrues instantly upon the death of the injured person, and such right thereupon became a vested right-in them, and so the authorities seem to hold. We have examined all of the authorities cited by the learned counsel for appellant, and we think that none of them are to the contrary. We shall refer only to the more important.

In Armstrong v. Armstrong, 1 Or. 208, 75 Am. Dec. 555, it appeared that Pleasant M. Armstrong died in the territory of Oregon in 1853. At that time there was no legislative enactment for the distribution of estates in that territory, but in 1854 an act was passed which provided that, when a married man shall die intestate and without issue, his widow shall be entitled to all of the personal estate that remains after the payment of debts and expenses. Armstrong left no issue, but a widow and brothers and sisters. In December, 1854, a contest arose upon the settlement of the administrator's account between his widow and his brothers and sisters as to the right of the latter to participate in the distribution. The court held that the widow took the entire estate. The court, speaking through the Chief Justice, said:

"Appellants, however, contend that the title to a portion of their deceased brother's estate vested in them at the time of his death, so that the Legislature had no power, by subsequent act, to divert any and give it to another. Now, if it be true that said property did vest as claimed, then it is also true that said statute cannot operate so as to give it to the widow, for the organic act provides that no man shall be arbitrarily deprived of his property."

The court then held that as at common law the legal title to the personal property vested in the administrator at death, and not in the next of kin until distribution, and before the time for distribution arrived the statute was passed, the brothers and sisters of decedent never had any vested estate in the personal property of which he died possessed. The opinion continues:

"Admitting, what is a matter of doubt, that the law at the death of Armstrong promised to give a portion of his estate to appellants, the right of the law to make [revoke?] that promise before distribution is clear, upon the well-known principle that the mere promise to give a thing does not, before delivery, bind the promisor, or confer any right upon the promisee."

Curtis v. Leavitt, 15 N. Y. 9, related solely to the defense of usury and the right of a corporation to interpose such a defense. In that case, construing a statute which prohibited corporations from setting up the defense of usury, which statute was passed subsequent to the issue of

the obligations upon which plaintiff's cause of action, if any, had accrued, Judge Brown said:

"The borrower can have no vested interest in the penalty or forfeiture which follows the proof of usury in an action where that defense is interposed. Whatever right he had was contingent upon the fact of the usury being established upon the trial. This the repealing act declares shall not be done."

And Judge Shankland said:

"It did not impair the obligation of this contract, but affected the remedy only, by depriving the borrower of a defense in the nature of a penalty or forfeiture."

And Judge Paige said:

"The defense of usury is in the nature of a penalty or forfeiture, and may at any time be taken away by the Legislature, in respect to previous as well as subsequent contracts, without trenching upon any vested right."

In the Town of Wirt v. Supervisors, 90 Hun, 205, 35 N. Y. Supp. 887, the court treated the statute then under consideration, which, under certain circumstances, permitted towns to call upon the county to contribute towards maintenance of bridges in that town, as conferring no vested right until liability was established. The liability of the county in that case was disputed at the time the repealing statute was passed, and the court said:

"The inchoate right under the statute to contribution from the county to the expenses incurred about the bridges had not ripened into a perfect claim"—

when the statute was repealed.

In Bartley v. Boston & Northern Street Ry., 198 Mass. 163, 83 N. E. 1093, the statute under consideration had to do solely with the form of the remedy.

On the other hand, in Carpenter v. Buffalo General Electric Co., 155 App. Div. 655, 140 N. Y. Supp. 559, the court held that, as to the distribution of damages recovered for the wrongful death of another as between the natural father of decedent and the brothers and sisters of his foster mother who predeceased him, their rights must be "determined by the law as it was in April, 1911, at the time of the death of the decedent," and not as it was at the time of his adoption. While the precise point of this controversy is not there involved, the language employed is significant. In United States Trust Co. v. Hoyt, 150 App. Div. 621, 135 N. Y. Supp. 849, in determining the rights of an adopted child, the court held that the status and rights of adopted children are purely the creation of statute, and that the right of adopted children to inherit is determined by the law in force at the time of the foster parent's death. See Gillian v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536; Theobald v. Smith, 103 App. Div. 200, 92 N. Y. Supp. 1019.

We do not deem it necessary at this time to consider the effect of the constitutional amendment of 1904, or to determine whether the words therein contained, "The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated," are suffi-

ciently broad to deprive the Legislature of the power to pass any statute which will alter the previously existing basis of distribution. It is sufficient for the purposes of this case to hold, as we do: First, that the right conferred upon the widow and next of kin is a right to recover for the injury resulting to their estate from decedent's death; second, that this is in the nature of a property right; third, that this right belongs to such widow and next of kin, and not to the personal representative; and, fourth, that this right became a vested right immediately upon the death of the injured party. If so, it is immune from legislative attack by a statute passed intermediate such death and the date of distribution.

The decree of the Surrogate's Court of the County of Queens should be affirmed, with costs to each of the attorneys representing the next of kin of decedent, payable out of decedent's estate. All concur.