of a brother of the testatrix during his lifetime such moneys as they might *think* best, with remainder over to certain beneficiaries, and one of these beneficiaries of the remainder residuary shares died before the life tenant, the Court of Appeals held that his share did not lapse upon his death, for the reason that the residue after the moneys applied for the maintenance and support of the brother of the testatrix during his life vested in the persons named, subject to the life estate. Intestacy in this case would result from a construction holding the remainder interest contingent, and the law favors testacy rather than intestacy. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377. And a remainder is always to be determined as vested, unless it is clearly contingent.

I am of the opinion that these remainder interests bequeathed by the fifth paragraph of the will of the testator are vested, and not contingent; and I so hold.

Decreed accordingly.

(88 Misc. Rep. 339)

### In re MARBLE.

#### (Surrogate's Court, Chenango County. December, 1914.)

DEATH (§ 9\*)—ACTION FOR WRONGFUL DEATH—COMPROMISE—DISTRIBUTION OF PROCEEDS.

Where, in 1914, after reversal of three successive verdicts for plaintiff in an action begun in 1908 by an administratrix for the death of her intestate, the action was compromised, the amount received in excess of attorney's fees and expenses was distributable as provided by Code Civ. Proc. § 1903, as it stood prior to the amendment of 1911 (Laws 1911, c. 122); and hence, where decedent left surviving a widow, his mother, two brothers, and two sisters, the widow was not entitled to take all, to the exclusion of the next of kin.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. § 9.\*]

Proceedings on the judicial settlement of the accounts of Bessie Gibson Marble, as administratrix, etc., of Ira Gibson, deceased. Ordered according to opinion.

Julien Scott, of Bainbridge, for accounting administratrix.
Hubert L. Brown, of Norwich, for objector.

HILL, S. This final accounting involves the distribution of a recovery had for the death of the intestate by reason of negligence. The intestate died on or about June 30, 1907, and letters of administration were issued on July 1, 1907. On May 5, 1908, an action was commenced in the Supreme Court by the administratrix against the Casein Manufacturing Company to recover damages for injuries sustained by reason of negligence, which injuries caused decedent's death. Such action was twice tried, each trial resulting in a verdict for plaintiff; but each of such verdicts was reversed. During the month of January, 1914, the action was settled and compromised; the estate receiving $1,250 in excess of attorney's fees and expenses. The decedent left him surviving a widow, his mother, two brothers, and two sisters. It

is maintained by the widow, the administratrix, that the amendment of 1911 to section 1903 of the Code applies (Laws 1911, c. 122), and she takes all, to the exclusion of the next of kin.

Objections are made to that portion of the account only. The attorney for the accountant argues very forcefully that the words "and when they are collected," contained in said section, defer the determination of those sharing until the money is actually received. It would seem that such words are useless, and that the section would convey the meaning given it in Matter of Brennan, 160 App. Div. 401, 145 N. Y. Supp. 440, quite as well without them. However, this cause of action being property, and being such property as has been held to vest at the time of death, and which could be sold, and which would survive the death of the next of kin entitled to share, and pass to his estate, I incline to the opinion that the division should be made as of the date of death of the intestate. Thus, while not absolutely regarding Matter of Brennan, supra, as stare decisis, as it was decided in another department, but as such case was identical in all particulars with the case at bar, and for the reasons given above, I hold and decide that the $1,250 should be distributed as provided by section 1903 of the Code as it stood after the amendment of 1904 (Laws 1904, c. 515), and prior to the amendment of 1911.

Ordered accordingly.