Matter of the Judicial Settlement of the Accounts of WILLARD E. CONNOR, as Administrator of the Goods, Chattels and Credits of HARRY C. CONNER, Deceased.

(Surrogate's Court, Onondaga County, January, 1917.)

Damages — on settlement and compromise of cause of action — executors and administrators — Code Civ. Pro. § 1903.

> Where the only asset of the estate of one whose only next of kin were his father and his mother is a fund received by his administrator upon a duly authorized settlement and compromise of a cause of action for negligently causing his death in 1914 when section 1903 of the Code of Civil Procedure, specifying that such a fund should be distributed as therein provided, was in full force and effect, the father is entitled to the entire estate.

PROCEEDINGS upon the judicial settlement of the accounts of an administrator.

Miller & Matterson, for Willard E. Connor.

Goodelle, Young, Farmer, Harding & Daley, for Nellie G. Connor.

SADLER, S. On August 21, 1914, Harry C. Connor was killed solely through the actionable negligence of

the New York Central Railroad Company.  He left him surviving no widow or children, but left his father, Willard E. Connor, and his mother, Nellie G. Connor, his only next of kin.  Letters of administration upon his estate were thereafter issued out of this court, and the sum of $1,000 has been paid by the railroad company to the administrator pursuant to an order of this court authorizing the administrator to settle and compromise the cause of action resulting from his death.

This proceeding is for a settlement of the accounts of the administrator and a distribution of the fund so received by him in settlement of said cause of action, this being the only asset of the estate.  The father demands that the entire net proceeds of said compromise be paid to him individually, and the mother contends that she is entitled to one-half thereof.

The recovery must be distributed pursuant to the law in force at the time of the son's death, August 31, 1914.  *Matter of Brennan,* 160 App. Div. 401.  At that time, section 1903 of the Code of Civil Procedure read as follows:

" § 1903. Distribution of damages recovered.  The damages recovered in an action, brought as prescribed in the last section,  *  *  *  are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration; subject however to the following provision, to wit: In case the decedent shall have left him surviving a wife or husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband."

Decedent Estate Law, section 98, subdivision 7, read as follows:

Surrogate's Court, Onondaga County, January, 1917. [Vol. 98.

" 7. If the deceased leave a father and no child or descendant, the father shall take one-half, if there be a widow, and the whole, if there be no widow.''

Section 1905 of the Code of Civil Procedure read as follows:

" § 1905. Next of kin defined. The term ' next of kin,' as used in the foregoing sections, has the meaning specified in section 1870 of this act, except if decedent leaves surviving a father and mother but no widow, child or descendant, it shall mean both the father and the mother."

Section 1870 of the Code of Civil Procedure read as follows:

" § 1870. Next of kin defined. The term ' next of kin,' as used in this title, includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife.''

Concededly, the father is entitled to the entire net proceeds of the fund involved in this accounting unless the mother is entitled to share therein by virtue of section 1905 of the Code of Civil Procedure.

It may not be significant, but the fact is that, prior to September 1, 1913, the words " foregoing sections " were used in said section 1905, and that sections 1904 and 1905 were amended by chapter 756, Laws of 1913 (in effect September 1, 1913), and the following was inserted in section 1904: " *If the decedent leaves surviving a father and a mother, the death of such father prior to the verdict shall not affect the amount of damages recoverable;* " and section 1905 was amended to read as follows (the amendments are italicized):

" § 1905. Next of kin defined. The term ' next of kin,' as used in the foregoing section, has the meaning

specified in section 1870 of this act, *except if decedent leaves surviving a father and mother but no widow, child or descendant, it shall mean both the father and the mother.*"

It may be that the legislature intended to leave the word " sections," and that " section " is a typographical error only. However, the fact is the two sections were amended by one act, and it may be that the legislature intended that the amendment to section 1905 should be read in connection with and apply only to section 1904, so that, in the event of the death of the father prior to the verdict, the mother should become the sole next of kin.

Counsel for the mother contends that section 1903 must be construed as if it read as follows: " The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of ' both the father and the mother; ' " and that the father and the mother, therefore, must share equally and divide the proceeds half and half. The answer to this contention is that said section 1903 further says: *" and when they are collected, they must be distributed by the plaintiff, or representative, as if they were unbequeathed assets,*" subject to one exception only, and that an exception which does not apply here. If these proceeds must be distributed as unbequeathed assets, they must be distributed according to the Decedent Estate Law, section 98, subdivision 7, and the father takes the whole.

The legislature amended section 1903 in 1911 and again in 1915, specifying that, in certain cases, the distribution should not be made in accordance with the Decedent Estate Law, but as provided in said section. Although by these amendments the legislature has provided that, if the decedent has left a wife or

Surrogate's Court, Rensselaer County, January, 1917. [Vol. 98.

husband, the damages shall be for the sole benefit of such wife or husband, and that, where the decedent leaves a father who has abandoned him, or *a father entitled to recovery*, who dies prior to the recovery or verdict, the damages or recovery shall be for the sole benefit of the mother, these are the only exceptions to distribution according to the Decedent Estate Law; and the legislature having, by successive amendments, changed the manner of distribution, and no amendment having been made to said section 1903, specifying that, in a case like this, the father and mother shall share equally, I am of the opinion, and accordingly hold, that the father is entitled to the whole estate.

Decreed accordingly.