ANNA T. GILLIAM, Respondent, *v.* GUARANTY TRUST COM-
PANY OF NEW YORK, as Trustee of a Fund for the Benefit
of FRANCES J. DYETT, Defendant.

JAMES S. DYETT et al., Appellants.

1. REAL ESTATE — TRUST DEED CONVEYING LIFE ESTATE WITH REMAINDER TO HEIRS OF BENEFICIARY. Land conveyed to a trustee in trust for the use and benefit of a designated beneficiary during her natural life and after her decease to her heirs at law passes to the person who is her heir at law at the date of her death, and not to those who were her heirs at law at the time of the execution and delivery of the trust deed.

2. SAME — WHEN ADOPTED CHILD TAKES PROPERTY UPON DEATH OF BENEFICIARY. Where the *cestui que trust*, named in such trust deed, and her husband duly adopted, in 1883, pursuant to the provisions of the statute then in force (L. 1873, ch. 830), an infant as and for their lawful child, and thereafter they and such child sustained towards each other the mutually acknowledged relation of parent and child, and the *cestui que trust*, thereafter and subsequent to the death of her husband, died leaving her surviving no issue or descendants of any issue, such adopted child is

her heir at law with, 1 the meaning of the deed of trust, and the property passes to such child rather than to the brothers of the deceased *cestui que trust*, who were her heirs at law at the time of the execution and delivery of the trust deed.

3. SAME — RIGHTS OF ADOPTED CHILD.   Although the statute (L. 1873, ch. 830), under which such child was adopted, excluded adopted children from any right of inheritance, such child is entitled to the benefit of the statute (L. 1896, ch. 272, § 64, as amd, by L. 1897, ch. 408, § 64), enacted subsequent to the adoption, conferring the right of inheritance upon adopted children, and thereby became the heir at law of the *cestui que trust* and upon her death entitled to the trust property under the deed of trust; the brothers of the *cestui que trust*, who were living at the time of the execution of the trust deed, in 1853, and at the time of her death, did not by such relationship acquire any vested right during the life of their sister to the continuance of such heirship since the legislature had the power to change this right and provide for a different line of inheritance.

4. SAME — CONSTRUCTION OF STATUTES RELATING TO RIGHTS OF INHERITANCE OF ADOPTED CHILD.   The provisions of the statute (L. 1896, ch. 272, § 60) that "Nothing in this article in regard to an adopted child inheriting from the foster parent applies to any will, devise or trust made or created before June 25, 1873, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust a child adopted before that date is not an heir so as to alter estates or trusts or devises in wills so made or created," have no application to the trust in question, although the trust deed was executed and delivered in 1853. It was not created by will or any testamentary provision, and is not a trust within the meaning of such statute; the only trust created was for the use and benefit of the *cestui que trust* named in the trust deed during her natural life, and after her decease to her heirs at law; the purpose of the trust and the functions of the trustee were all accomplished and discharged when the *cestui que trust* died, and after that event the property passed without the aid of any trust to her heirs; that is, to the persons whom the law should designate as her heirs when the time arrived.

*Gilliam* v. *Guaranty Trust Co.*, 111 App. Div. 656, affirmed.

(Argued June 4, 1906; decided October 2, 1906.)

APPEAL, by permission, from an interlocutory judgment entered March 12, 1906, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a judgment of Special Term sustaining a demurrer to the complaint and overruled such demurrer.

The following question was certified : "Does the complaint herein state facts sufficient to constitute a cause of action ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*John D. Henderson* and *Charles Bell* for appellants. The complaint does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained by the Special Term. (*Noyes* v. *Blakeman*, 6 N. Y. 567 ; *Marx* v. *McGlynn*, 88 N. Y. 376; *Embury* v. *Sheldon*, 68 N. Y. 234.) Defendants Dyett took a vested remainder. (*Smith* v. *Allen*, 161 N. Y. 483 ; *Hearst* v. *Horton*, 1 Den. 165 ; *Campbell* v. *Rawdon*, 18 N. Y. 419 ; *Heath* v. *Hewitt*, 127 N. Y. 167 ; *Moore* v. *Littel*, 41 N. Y. 66 ; *Embury* v. *Sheldon*, 68 N. Y. 233 ; *Watkins* v. *Reynolds*, 123 N. Y. 216 ; *Miller* v. *Wright*, 109 N. Y. 200 ; *Hersey* v. *Simpson*, 154 N. Y. 500.) There are no words in the deed which can be construed to give any power of appointment. (*Middleworth* v. *Ordway*, 49 Misc. Rep. 81 ; *Matter of Thorne*, 155 N. Y. 141 ; *Dodin* v. *Dodin*, 16 App. Div. 42 ; *Von Beck* v. *Thomsen*, 44 App. Div. 380 ; *Simmons* v. *Burrill*, 59 N. Y. S. R. 554 ; *Hersey* v. *Simpson*, 154 N. Y. 500.) The plaintiff has no right of inheritance. (L. 1873, ch. 830 ; L. 1887, ch. 703.) If the vesting of this estate was postponed until the death of the life tenant then this plaintiff cannot take this estate. (*Tillman* v. *Davis*, 95 N. Y. 24 ; *Keteltas* v. *Keteltas*, 72 N. Y. 315 ; *Murdock* v. *Ward*, 67 N. Y. 387 ; *Luce* v. *Dunham*, 69 N. Y. 36 ; *Cushman* v. *Horton*, 59 N. Y. 115.)

*John R. Abney* and *John M. Harrington* for respondent. The conditions and law existing at the date of the death of Frances J. Thomas (formerly Dyett) are the conditions and law under which the rights of the parties should be determined. (*Dodin* v. *Dodin*, 16 App. Div. 42 ; 162 N. Y. 635 ; *Kemp* v. *N. Y. P. Exchange*, 34 App. Div. 175 ; *Von Beck* v. *Thomsen*, 44 App. Div. 373 ; 167 N. Y. 601 ; *Theobald* v. *Smith*, 103 App. Div. 200 ; Broom's Legal Maxims [8th Am. ed.] *522 ; *Heath* v. *Hewitt*, 127 N. Y. 166 ; *Dougherty* v.

9

*Thompson,* 167 N. Y. 472; *Paget* v. *Melcher,* 26 App. Div. 12; 156 N. Y. 399.) The trust ceased on the death of the *cestui que trust.* (*Rhodes* v. *Caswell,* 41 App. Div. 229; *Losey* v. *Stanley,* 147 N. Y. 560; *Stevenson* v. *Lesley,* 70 N. Y. 512.) Plaintiff's intestate, the adopted daughter of Frances J. Thomas (formerly Dyett), was her "heir at law" within the meaning of the deed of 1853. (L. 1896, ch. 272, § 60; L. 1897, ch. 408; *Dodin* v. *Dodin,* 16 App. Div. 42; 162 N. Y. 635; *Kemp* v. *N. Y. P. Exchange,* 34 App. Div. 175; *Von Beck* v. *Thomsen,* 44 App. Div. 373; 167 N. Y. 601; *Theobald* v. *Smith,* 103 App. Div. 200; *Bisson* v. *W. S. R. R. Co.,* 143 N. Y. 125; *Cushman* v. *Horton,* 59 N. Y. 149; *Matter of Baer,* 147 N. Y. 348; *Rudd* v. *Cornell,* 171 N. Y. 114; *Matter of Smith,* 131 N. Y. 239; *Teed* v. *Morton,* 60 N. Y. 502; *Stevenson* v. *Lesley,* 70 N. Y. 512.) The expectancy or possibility of taking the property at the death of the life beneficiary was all that could be claimed in behalf of the appellants. This possibility was very contingent in its nature. (*Moore* v. *Littel,* 41 N. Y. 66; *Jackson* v. *Littell,* 56 N. Y. 108; *House* v. *McCormick,* 57 N. Y. 310; *Dougherty* v. *Thompson,* 167 N. Y. 472; *House* v. *Jackson,* 50 N. Y. 161; *Paget* v. *Melcher,* 156 N. Y. 399; *Hennessy* v. *Patterson,* 85 N. Y. 91; *Matter of Baer,* 147 N. Y. 348; *McGillis* v. *McGillis,* 154 N. Y. 532; 11 App. Div. 359.) The legislature had full power to and did modify the Statute of Descent so as to qualify the plaintiff's intestate as an heir at law of the life beneficiary, and the appellants had no vested right that was affected by such legislation; there can be no vested right to the continued existence of a general law. (*Dodin* v. *Dodin,* 16 App. Div. 42; *Kemp* v. *N. Y. P. Exchange,* 34 App. Div. 175; *Moore* v. *City of New York,* 8 N. Y. 110; *Randall* v. *Kreiger,* 23 Wall. 137; *McNeir* v. *McNeir,* 142 Ill. 388; Cooley on Const. Lim. [7th ed.] 511; *Heath* v. *Hewitt,* 127 N.Y. 166; *De Mill* v. *Lockwood,* 3 Blatchf. 56; *Kohler's Estate,* 199 Penn. St. 455; *Johnson's Appeal,* 88 Penn. St. 346; *McGillis* v. *McGillis,* 11 App. Div. 359.)

HISCOCK, J. This action was brought by plaintiff for the purpose of having it adjudged that she, an adopted daughter, was the heir at law of one Frances J. Thomas, and as such entitled to take certain real estate under a deed which conveyed said real estate to the use of Mrs. Thomas during life and after her decease to her heirs at law. The appellants are brothers of Mrs. Thomas, and by their demurrer to the complaint, which fully sets out the facts, challenge the right of plaintiff to take as an heir at law under the circumstances of this case.

I am led to the conclusion that plaintiff's claim is well founded, and that the judgment appealed from should be affirmed.

In 1853 Eliza Hunt conveyed land to one Findlay as trustee of Frances J. Dyett (afterwards Thomas) "in trust for the use and benefit of said Frances J. Dyett during her natural life and after her decease to her heirs at law, except that the said party of the first part does hereby expressly authorize and empower the said party of the second part as such trustee as aforesaid * * * to sell and convey said lands and premises * * * and the money or proceeds of said sale to be invested as soon as conveniently may be in other real estate in the name of the party of the second part but for the use of said Frances during her life and after her decease to her heirs at law, and if the sale of said lands should be made, the money or proceeds of said sale shall until re-invested again be considered as land and held in trust for the benefit of said Frances during her life and after her decease to her heirs at law." The defendant trust company has been appointed trustee in the place of said Findlay.

In December, 1883, said Frances J. Dyett, who had been intermarried with Francis H. Thomas, and her said husband, pursuant to the provisions of chapter 830 of the Laws of 1873, entitled "An act to legalize the adoption of minor children by adult persons," duly adopted plaintiff, who then was an infant, as and for their own lawful child, and thereafter said persons so adopting and the plaintiff herein sustained towards

each·other the mutually acknowledged relation of parent and child.

The husband died in the year 1888, and Mrs. Thomas died February 24, 1905, leaving her surviving no issue or descendants thereof.

At the time the deed was executed, and at the time Mrs. Thomas died, except for plaintiff, appellants, her brothers, were her sole heirs at law and next of kin, upon the assumption that their father was dead.

There appears to have been at the date of the death of Mrs. Thomas some accumulation of personal property as the result of the trust in her favor, and no question is made by the appellants that such personal property should pass to the plaintiff. The only question arises with reference to the inheritance of the real estate.

The appellants' demurrer, which in effect denies plaintiff's right to take said real estate under the provisions of the deed, rests upon two distinct propositions.

In the first place, they urge that they, being the only heirs at law of Mrs. Thomas when the deed was executed, took a vested right to the remainder in the real estate upon her death, which could not be defeated by the subsequent adoption of the plaintiff. And, secondly, they insist that whether this first proposition be maintained or not, the plaintiff, under the statutes defining the rights of inheritance of adopted children, was not an heir at law who could take the real estate. I shall consider these propositions in the order stated.

The first one may be somewhat briefly disposed of. I do not regard it essential to consider in detail the arguments which have been addressed to us for the purpose of determining whether the rights of appellants under the clause of final disposition in the deed at the time of its execution were in the nature of a contingent remainder or of a vested remainder, which would be divested by death before the death of the life beneficiary or which would open to admit other heirs arising before that event. Whatever disagreement there might be about the technical definition to be given to appellants' posi-

tion as the only heirs of law of Mrs. Dyett when the deed was executed, I regard the law as well settled which, so far as concerns the practical question in this case, governs the construction of the clause of remainder and fixes the time as of which the heirs at law under it are to be ascertained. The general rule applicable to the facts here presented is well established that when property at a future date is to pass to a certain class of persons it will be distributed amongst the persons who compose such class at the date of distribution. (*Paget* v. *Melcher*, 26 App. Div. 12, 18; affd., 156 N. Y. 399; *Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *McGillis* v. *McGillis*, 11 App. Div. 359.)

Therefore, whatever may have been the legal situation of the appellants at the time when the conveyance was made, as defined in terms of legal phraseology, if before the death of Mrs. Thomas other persons rather than they had become the heirs at law, such latter persons are to be regarded as answering the requirements and taking the benefits of the grant.

It is conceded, as I understand it, by the learned counsel for the appellants that if the life beneficiary had left her surviving a natural child such child would have been her heir at law to the exclusion of the appellants and would have taken the real estate, but it is insisted that Mrs. Thomas could not by the artificial process of adoption create an heir who would divert the course of title of the real estate from the persons who were the natural heirs at law. And we are thus brought to the consideration of the second question above outlined, whether plaintiff was an heir at law for the purpose of taking the real estate in question. This involves an examination of the statutes relating to the rights of adopted children.

The act of 1873 under which plaintiff was adopted excluded her from any right of inheritance. After other enactments upon the subject which are immaterial here, chapter 272 of the Laws of 1896 (Domestic Relations Law) was adopted which at the date of death of Mrs. Thomas provided (section 60): "Nothing in this article in regard to an adopted child inheriting from the foster parent, applies to any will, devise

or trust made or created before June 25, 1873, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, a child adopted before that date is not an heir so as to alter estates or trusts, or devises in wills so made or created."

Section 64 of said act and article, as amended by chapter 408, Laws of 1897, provided that the adopted child should take the name of the foster parent, and that " the foster parent or parents and the minor sustain towards each other the legal relation of parent and child and have all the rights, and are subject to all the duties of that relation, including the right of inheritance from each other  *  *  *  and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting, but as respects the passing and limitation over of real and personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen."    These are the provisions which were in force at the time plaintiff's rights of inheritance accrued, if at all, and by them we are to test and measure such rights.

It is too well established to require any discussion that the relationship of appellants to Mrs. Thomas which originally made them her heirs at law, did not confer any vested right during the life of the sister to the continuance of such heir-ship, but that the legislature had the power to change this and provide for a different line of inheritance ; also, that a child adopted under the provisions of the act of 1873 giving no right of inheritance is entitled to the benefit of the statute enacted subsequently to the adoption conferring such right. (*Dodin* v. *Dodin*, 16 App. Div. 42 ; *Theobald* v. *Smith*, 103 App. Div. 200.)

The only query is whether the statutes in force at the time when it became necessary to determine the identity of the heirs at law of Mrs. Thomas did or did not make plaintiff one of those heirs. .

We set out upon the inquiry confronted and governed by the general provision above quoted, that an adopted child is clothed with the right of inheritance from its foster parent. This right not only extends to it personally, but through it to its heirs and next of kin. The commanding force of the statute secures to it in these respects the same rights which would be conferred by natural and blood relationship, except as those rights are limited by certain qualifications and exceptions. The plaintiff, therefore, can justify her claim to inheritance under the general rule, unless she can be brought fairly within the exceptions or qualifications of which, as the only ones pertinent, quotation has already been made.

It seems easy to determine that the facts of this case do not bring her within that prohibition of section 64 which prevents an adopted child from defeating by inheritance the passing and limitation over of property dependent upon a foster parent "dying without heirs." The mere reading of the deed in question makes it as plain as discussion could that the present one is not a situation coming within the terms of this provision. I do not understand that it is claimed otherwise.

But reliance is placed by appellants upon the clause quoted from section 60, and while there may be more basis for discussion of the effects of this than of the one just considered, nevertheless, I do not think that a careful analysis and fair construction of this clause justifies the conclusion that it prohibited plaintiff from inheriting as heir of Mrs. Thomas.

The final sentence thereof, "That as to any such will, devise or trust  *  *  *  (one made or created before June 25, 1873) a child adopted before that date is not an heir so as to alter estates or trusts or devises in wills so made or created," may be at once dismissed as inapplicable for the reason that the plaintiff was not adopted before the date in question. This leaves for consideration the provision that "Nothing in this article in regard to an adopted child inheriting from a foster parent applies to any will, devise or trust made or created before June 25, 1873, or alters, interferes with or changes

such will, devise or trust." The language employed is not altogether apt, and I suppose that its fair translation would be that the right of inheritance conferred upon an adopted child should not permit it to take under any will, devise or trust made or created before June 25, 1873, or to alter, interfere with or change the effect of such will, devise or trust. I do not discover that it has thus far been claimed by any one that the inheritance by plaintiff would be under or by virtue of any will or devise, or would alter, change or interfere with the provisions of any will or devise. The meaning of those terms is so well settled and so confined to a testamentary disposition of property that it would be quite violent to so extend their scope as to include a grant and conveyance by deed even though the latter in some respects may have answered the purpose of a last will and testament.

If it should be urged that there was no reason why the legislature prohibiting an adopted child from interfering by inheritance with wills and devises should not extend such prohibition to a deed largely answering the purpose of a will and devise, it must be answered that it was for the legislature to determine what they would and would not include in their enactments, and if through intention or even inadvertence they have fairly failed to provide for such a case as is presented here, we cannot supply such omission by any process of improper construction.

The more insistent argument has been based upon the prohibition of inheritance under or interference with a "trust" made or created before June 25, 1873.

I doubt if it would be claimed that the plaintiff's standing as an heir is undermined and destroyed by this provision if we give to the language its ordinary meaning and construe the statute and the deed as they have actually been written rather than to the end of accomplishing some particular result.

The only "trust" was created for the benefit of Mrs. Thomas (Dyett) during her life. The deed ran to the grantee " as trustee of Frances J. Dyett," and it was "in trust for

the use and benefit of the said Frances J. Dyett during her natural life," and after her decease to her heirs at law; the trustee was permitted to do certain things as he should consider "for the best interests of the said Frances." The purpose of the trust and the functions of the trustee were all accomplished and discharged when Mrs. Thomas died, and after that event the property passed without the aid of any trust to her heirs.

No suggestion is made in the complaint or by the appellants that there will be any necessity even for a formal conveyance by the trustee. The heirs at law will take the legal title under the remainder clause of the deed after the trust has been fully executed, and the succession by them to the title will be as independent of the trust as if provided for in a separate instrument. Under those circumstances it does not seem to be the natural construction to say that the plaintiff will take under or in any manner alter, change or interfere with the only trust which was created.

But, in substance, it was reasoned in the dissenting opinion of the learned justice in the Appellate Division and has been argued upon this appeal that when the grantor provided for remainder to the heirs at law of Mrs. Thomas he contemplated heirs of the blood and that, therefore, it would be unjust to allow her to create one by legal proceedings, and that we ought to seek out some process of reasoning or construction which will avoid violation of the grantor's intentions. And the suggestion is made that we may construe the word "trust" in the statute as broad enough to include the deed in part devoted to creating the trust, and regard the entire conveyance as impressed with the nature of a trust because it is in part devoted to creating one. In other words, it is urged that the court, if possible, ought somewhat to adapt its interpretation of the deed and statute to the end to be reached, and that end is the prevention of a creation by adoption of an heir who will displace natural heirs, and disappoint what is assumed to have been the expectations of the grantor.

I cannot concede that any sufficient reason exists why we should depart from the natural interpretation of the statute,

as I have attempted to outline it, and adopt the latter one as a matter of policy even if we could. In the first place since the legislature has deemed it wise as a matter of general policy to authorize the adoption of children and to confer upon them in general the rights as well as obligations of natural children, we should be careful not unreasonably to limit those rights for the purpose in some given case of carrying out the assumed intention of some individual. But further than this, the argument that the intention of the grantor will be violated by allowing plaintiff to inherit, while superficially a potential one, does not stand the test of careful analysis. Of course the donor when he executed his deed could not apprehend that at a given date many years hence statutes would be enacted providing for the adoption of children and conferring upon them the right of inheritance. But, upon the other hand, he must be assumed to have known that the lines of inheritance were governed by statute and at any time could be changed. He was evidently interested in providing for the life beneficiary in a certain definite manner down to the moment of her death, and did so. But after that apparently he had no desire to limit the succession to his real estate to any particular definite line of persons. He directed generally that it should go to her heirs at law ; that is, to the persons whom the law should designate as her heirs when the time arrived. He threw the responsibility of selection upon the law. He took his chances upon the happening of just what did happen. There is nothing to show that he was related by blood to Miss Dyett and her heirs, and if the statute gave her the right and she desired in default of children to adopt plaintiff, and by force of law establish in all other respects the same relationship of parent and child which natural birth would have created, I am not able to think that the passage of the grantor's real estate to such child will be any serious violation of his desire and direction that it should go to her heirs at law.

As was said in *Kohler's Estate* (199 Pa. St. 455) with reference to an adopted child: "The will of John Kohler, father of the *cestui que trust*, was written thirty-six years

before the decree of adoption, and that event, therefore, was not reasonably within the contemplation of the testator. But, as he gave the estate to those persons to whom the law would give it in case of intestacy, he cannot be said to have had any particular class of heirs or next of kin in view, and he committed the question of determining who should take it to the law itself."

The judgment should be affirmed, with costs. Question certified answered in the affirmative, with leave to defendants to withdraw demurrer and answer within 20 days on payment of costs.

GRAY, EDWARD T. BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., O'BRIEN and WERNER, JJ., dissent.

Judgment affirmed.