ANNIE P. SIMMONS,

Appellant from decree of the Judge of Probate in the matter of the first and final account of the Administrator of the Estate of Frances R. P. Skolfield.

Cumberland.    Opinion January 14, 1922.

*Parents by adoption do not have any rights of inheritance from adopted children. Words which will create an estate tail when applied to real estate, will give an absolute estate when applied to personalty.    When a limitation over is upon a definite, not an indefinite failure of issue, the first legatee takes an estate for life only, and the limitation over is good, but when upon an indefinite failure of issue is void.*

In a will, where the real estate and personal property are given for the benefit of an adopted child by the same clause and in the same words, there being nothing to indicate a different intent on the part of the testator in relation to his personal estate, from that manifested respecting his real estate, a limitation over, on an indefinite failure of issue, is too remote, when applied to personal estate, because it cannot be construed to create an estate tail therein, and is therefore void.

A bequest to a daughter provided she shall have children, but in the event of death without issue, the property to go to the heirs of testator, is an absolute gift if the daughter had children; otherwise the gift was determinable on the contingency of her dying leaving no children then living; and if such contingency happens, the gift becomes vested, by way of executory devise, in the heirs of testator.

Vol. 121—8

On exceptions.   This case reached the Law Court upon exceptions from the finding at nisi prius of the Justice of the Supreme Judicial Court sitting as Supreme Court of Probate, which finding reversed the decree of the Judge of the Probate Court allowing the account of the administrator of the estate of Frances R. P. Skolfield.   The estate of intestate involved in this case consisting of personal property passed to her under the wills of Thomas Skolfield and Rebecca Skolfield, his wife, by whom intestate had been adopted by a special act of the Legislature.

The father by adoption gave to intestate, four-tenths of his whole estate, both real and personal, exclusive of household furniture, and in the event of intestate dying unmarried, leaving no issue, said four-tenths to go to the children of a brother of testator.

The mother by adoption gave in her will to intestate all of her household furniture, if she should have issue, but in the event of her dying without issue, said furniture to go to the heirs of testatrix. The questions involved consisted of the construction of the two wills and Act of adoption.   The sitting Justice ruled that the furniture received by intestate under the will of her mother by adoption should go to the legal representatives of her adoptive mother; and further ruled that the personal property received by intestate under the will of her father by adoption passed to the heirs by blood of intestate, she having died intestate, unmarried, leaving no issue, to which rulings appellee excepted.

Exceptions overruled.

The case is stated in the opinion.

*Wheeler & Howe,* for appellant.

*Augustus F. Moulton,* for appellee.

SITTING:  CORNISH, C. J., SPEAR, HANSON, MORRILL, DEASY, JJ.

MORRILL, J.   Three points are presented for decision by this bill of exceptions.

1.   The deceased, Frances R. P. Skolfield, was the adopted daughter of Thomas and Rebecca D. Skolfield; at her death she was possessed of certain personal property which she received as legatee under the will of Thomas Skolfield.   The provision of that will for the benefit of deceased was under consideration in *Skolfield* v. *Litchfield,* 116 Maine, 440 and we there held that, as to the real estate; the

will created an estate tail in Frances R. P. Skolfield. It remains now to consider the construction of the will as to the bequest of personal property. The language which applies to the real estate also applies to the personal property and is contained in the same clause, as follows:

"I give, devise, and bequeath to Frances R. S. Perkins, my adopted daughter, four-tenth parts of all my estate real, personal and mixed, exclusive of my household furniture, and in the event of the said Frances R. S. dying unmarried, leaving no issue, it is my will that the said four-tenth parts of my estate shall go to the children of my brother Clement Skolfield, to have and to hold to them, their heirs, executors, administrators and assigns forever."

We have already held that this language creates an estate tail in the real estate; that the words "leaving no issue," look to an indefinite failure of issue. We can have no doubt that the testator intended precisely the same disposition of the personal property as of the real estate. But words which will create an estate tail when applied to real estate, will give an absolute estate when applied to personalty. *Cleveland* v. *Havens*, 13 N. J., Eq., 101. *Slade* v. *Patten*, 68 Maine, 380, 384. 1 Washburn Real Property, 4 Ed., 579, 2 Ib. 625. Many years ago a distinction was taken in the English Courts between an executory devise of real and personal estate, and it was held that the words "dying without issue" created an estate tail in real property; yet that, in respect to personal property, which is transient and perishable, the testator could not have intended a general failure of issue, but failure of issue at the death of the first taker; the result has been an irreconcilable conflict of opinion among eminent judges. In a note in 4 Kent, 8 Ed., Page 295, it is said: "The American cases, without adopting absolutely the distinction in *Forth* v. *Chapman*, 1 P. Wms., 663, are disposed to lay hold of slighter circumstances in bequests of chattels, than in devises of real estate, to tie up the generality of the expression 'dying without issue,' and confine it to dying without issue living at the death of the party, in order to support the devise over; and this is the extent to which they have gone with the distinction." But in the instant case where the real and personal property are given by the same clause and in the same words, there is nothing to indicate a different intent on the part of the testator in relation to his personal estate, from that manifested respecting his real estate, and the limitation over, being on an indefi-

nite failure of issue, is too remote, when applied to personal estate, because it cannot be construed to create an estate tail therein, and is therefore void. "To this extent the intent of the testator is necessarily defeated; because he has used words which by their legal import and signification will not permit that intention to be carried out." *Hall* v. *Priest*, 6 Gray, 18, 22. The ruling that an absolute estate in the personal property mentioned in the clause in Thomas Skolfield's will above quoted passed to Frances R. P. Skolfield, and that the appellee must account as administrator for all the personal estate of the deceased, including the bequest to her by Thomas Skolfield's will, which he received, was correct.

2. The deceased was also a legatee under the following clause of Rebecca D. Skolfield's will:

"I also give to my said daughter Fannie all my household furniture, to have and to hold to her and her heirs, if she shall have children; but in the event of her dying without issue, said furniture or so much thereof as she may have at the time of her decease, to go to my heirs."

Here the gift of personalty is not combined with a devise of real estate. The phrase, "in the event of her dying without issue," applied to a devise of real estate means an indefinite failure of issue; but applying it to the context we think that the intention of the testatrix may be carried out. We think that the construction placed upon this paragraph by the sitting Justice was correct, and we adopt the language of his decision:

"Construction, however, depends upon the meaning of the words as the testatrix used them; what she meant by those words is the criterion. And her meaning is to be gathered from the whole instrument. She made absolute gift to Fannie 'if she shall have children.' But 'in the event of her dying without issue' the furniture then remaining to go to the heirs of the testatrix. The law will avoid a forfeiture whenever and wherever it be possible consistently to do so. She seems to have regarded the words 'children' and 'issue' as true synonyms. So reading the clause, she intended Frances to have the furniture as an absolute gift, providing she had children; otherwise the gift to be determinable on the contingency of her dying, leaving no issue (children), then living, upon which contingency the gift, in its then condition, would vest, and did vest, by way of executory devise, in the heirs of the testatrix. When a limitation over is

upon a definite, not an indefinite failure of issue, the first legatee takes an estate for life only, and the limitation over is good. *Cleveland* v. *Havens*, supra."

The ruling that the appellee must account for the furniture under Mrs. Skolfield's will to the legal representatives of the latter, was correct.

3. The appellee seasonably filed a motion to dismiss the appeal on the ground that the appellant is not a party in interest in said estate; the sitting Justice overruled the motion, and upon hearing ruled that the personal property received by Frances R. P. Skolfield under the will of Thomas Skolfield passed to the heirs by blood of said Frances, she having died intestate, unmarried, leaving no issue. To these rulings the appellee has exceptions.

The question thus presented is: Must the heirs at law of Frances R. P. Skolfield be sought in the family into which she was born, or in the family of which she became a part by adoption? Was her relationship with her natural parents destroyed by the act of adoption? The appellee so contends.

Legal adoption by one person of the offspring of another was unknown to the laws of England or Scotland; it was known to the Roman law, and is said to have been known to the Athenians, and Spartans, and to other ancient peoples. *Ross* v. *Ross*, 129 Mass., 243, 262. 1 Bouv. Law Dict. Title "Adoption". *Hockaday* v. *Lynn*, 200 Mo., 456, 118 Am. St. Rep., 672. *Morrison* v. *Sessions*, 70 Mich., 297, 14 Am. St. Rep., 500, 506. Being unknown to the common law, it has been introduced into those portions of this country, deriving their jurisprudence from that source, and not from the civil law, solely by statute, and the effect of the act of adoption upon the status of the person adopted and upon the rights of the adopters depends upon the statute by which the act is authorized; the practice of adoption exists only by virtue of statute. To this effect is the opinion in *Warren* v. *Prescott*, 84 Maine, 483. Authorities from numerous other states are collected in 1 C. J., 1371, Note 15. This is also demonstrated by the course of legislation in this State. The original act (Public Laws 1855, Chapter 189), which was in force when the adoption in the instant case took place, expressly excluded rights of inheritance, and applied only to rights of custody, obedience and maintenance. By Public Laws, 1880, Chapter 183 the adopted child in future proceedings and where not otherwise expressly pro-

vided in the decree of adoption, acquired qualified rights of inheritance from the adopters. Thus, as stated in *Warren* v. *Prescott*, supra. "By adoption the adopters can make for themselves an heir, but they cannot thus make one for their kindred." Again by amendment (Public Laws, 1891, Chapter 78) the provision of R. S., 1883, Chap. 75, Sec. 1, Paragraph VI was applied to cases of adoption. But the present statute, broad as is its language, has its limitations. *Wilder* v. *Butler*, 116 Maine, 389.

Frances R. P. Skolfield was adopted by Thomas and Rebecca D. Skolfield by virtue of a special act of the Legislature (Private and Special Laws, 1864, Chap. 299, Sec. 1) which reads as follows:

"Be it enacted etc.

SEC. 1. Frances Rebecca Perkins of Brunswick, shall be allowed to take the name of Frances Rebecca Perkins Skolfield, and she is hereby declared to be the adopted daughter of Thomas Skolfield, and his wife, Rebecca Skolfield of Brunswick, and she shall hereafter sustain the same relation to them and to their estate at all times as if she had been the daughter of the said Thomas Skolfield and Rebecca Skolfield, born in lawful wedlock."

Can this act be construed as depriving the heirs by blood of Miss Skolfield, of their rights of inheritance from her, and of granting rights of inheritance in her estate to the heirs by blood of her adopters? We think not; it requires no strict construction of the statute to so hold. It would undoubtedly be competent for the Legislature to provide that property received from either adopter should go, upon the death of the adopted child, intestate, without widow or lineal descendants, to the adopting parents and their heirs as if such child were the child by birth of his adopters, as has been done in several states, and to a limited extent in this State by the act of 1891 above referred to. But under an adoption statute which wholly fails to bestow upon adopting parents any right of inheritance from adopted children, we think that such right of inheritance does not exist. *Upson* v. *Noble*, 35 Ohio St., 655. *Hole* v. *Robbins*, 53 Wis., 514. *Reinders* v. *Koppelmann*, 68 Mo., 482. *Heidecamp* v. *Jersey City, etc., Ry. Co.*, 69 N. J. L., 284, 101 Am. St. Rep., 707; authorities to the contrary may be found, and the reasons for holding that the adopting parents are entitled to the estate of the child adopted, in the event of his dying intestate, and leaving both natural and adopted parents,

are cogently set forth in a note to *Van Matre* v. *Sankey*, 148 Ill., 536, found in 39 Am. St. Rep., 228; but such view is there conceded to be contrary to the weight of authority.

The special act in question provides that the deceased "shall hereafter sustain the same relation to them (Thomas and Rebecca Skolfield) and to their estate at all times as if she had been the daughter of the said Thomas Skolfield and Rebecca Skolfield, born in lawful wedlock." The words "relation to them" undoubtedly refers to personal relations, those of custody, obedience, education and maintenance; the words "their estate at all times" cannot be construed to extend to, or relate to property which has ceased to be a part of the estate of either; they can only relate to the distribution of the estate of which the adopting parents might die intestate; they have reference to the rights of the child, not of the adopting parents; the statute fixed the status of Frances as to the intestate estate of her adopters; when the personal property bequeathed to her in the will of Thomas Skolfield had been delivered to her, it was no longer his estate. Under such a statute of adoption the adopted child will not inherit from the collateral heirs of the adopters. *Van Derlyn* v. *Mack*, 137 Mich., 146, 109 Am. St. 669 and cases collected in note, Page 675. *Hockaday* v. *Lynn*, 200 Mo., 456, 118 Am. St., Rep. 672 and cases collected in note, Page 687; and the statute wholly fails to bestow by apt language the right of inheritance to Frances's estate upon the nephews and nieces of her parents by adoption.

*Exceptions overruled.*