LEVI B. LATHAM, Appellant from Decree of Probate Judge.

Cumberland.     Opinion November 17, 1924.

*The rights of descent flow from the legal status of the parties, and where the status is fixed, the law supplies the rules of descent, with reference to the situation as it existed at the death of decedent.*

So, in this case, the statute passing and distributing the estate of the adoptive father dying intestate since the adoption, rather than that in force at the time that the child was adopted, determines whether the child is capable of taking the relation of an inheritor to the property that the parent left.

On exceptions.   Seward M. Latham late of Falmouth died intestate January 20, 1922, leaving an estate.   Between the years of 1864 and 1866 decedent adopted George S. Latham.   In the Probate Court a decree was made ordering the distribution of the estate, after the payment of bills and charges against the estate, to the said George S. Latham as the only heir-at-law.   From this decree an appeal was taken to the Supreme Court of Probate where the decree was sustained and the appeal dismissed.   Levi B. Latham, a nephew of decedent, appellant, entered exceptions to the ruling that the said George S. Latham was an heir-at-law of decedent.   The question involved was

as to whether the statute in force at the time of the adoption governed as to the rights of inheritance, or the statute as it existed at the time of the death of decedent. Exceptions overruled. Case remanded.

The opinion states the case.

*Samuel L. Bates,* for appellant.

*Frank H. Haskell,* for appellee.

SITTING: PHILBROOK, DUNN, MORRILL, WILSON, DEASY, STURGIS, BARNES, JJ.

WILSON, J., concurring in the result.

DUNN, J. The brief of the appellant is prepared upon the conception, that the statute in force at the time a child is adopted, rather than that passing and distributing the estate of an adoptive father subsequently dying intestate, determines whether the child is capable of taking the relation of an inheritor to the personal property that the parent left. The rule is otherwise.

In the early 60s, when Seward M. Latham adopted George M. Latham, by decree of the Probate Court in Cumberland county, the inherent capacity of succession or inheritance did not arise from that relation. By the statute then operative, the child was freed from duties to his natural parents, and, for the custody of the person and right of obedience, "but not of inheritance," was made the child of his adopter. R. S., 1857, Chap. 59, Sec. 29.

Changes in the statute are without the need of mention until that of the year 1880, and it simply historically. In 1880, where not otherwise provided by the decree, the right or capacity of inheriting property from the adopter, but not from him in the case of entailment, or from lineal or collateral kindred of the adopting parent, was endowed in future adoptions. 1880 Laws, Chapter 183. This provision remained unaltered till 1917. Then the proviso restrictive to instances since February 24, 1880, was stricken out, and, as far as essential here, the statute made to read in this wise:

"Sec. 38 . . . . and he is, for the custody of the person and rights of obedience and maintenance, to all intents and purposes, the child of his adopters, with right of inheritance when not otherwise expressly provided in the decree of adoption, the same as if born to them in lawful wedlock, except that he shall not inherit property

expressly limited to the heirs of the body of the adopters, nor properly from their lineal or collateral kindred by right of representation." 1917 Laws, Chapter 245, amending R. S., 1916, Chap. 72, Sec. 38.

Seward Latham, the foster parent, died in 1922, leaving no will, unmarried, without natural children of his own, or their lawful issue, surviving him, owning personal estate. The question requiring examination is, whether devolution of that property was cast, by reason of the amendatory act of 1917, upon the child adopted more than fifty years before.

It is only too clear that the enactment of 1917, conferring upon certain adopted children an heritable status, not theretofore possessed by them, disturbed no existing right or obligation. The adoption itself was not thereby changed. No wedlock-born child was deprived of heirship, for he could not be an heir-at-law while his parent was yet living. The adopting father remained free to dispose of his estate by will, or in other manner, so far as children were concerned, if he would. The statute could find application only in intestacy afterward transpiring.

Of course the law was intended to be retrospective, in the sense that it applied to adoptions decreed previously, but where an adoptive parent died intestate antecedent to the statute, then that statute was subservient to the other statute which had vested the estate at his death to the exclusion of the adopted child.

The rights of descent flow from the legal status of the parties, and where the status is fixed, the law supplies the rules of descent, with reference to the situation as it existed at the death of the decedent. *MacDonough, Appellant*, this same volume; *Re Estate of Hein Rasmussen*, (Minn.), 131 N. W., 325, 35 L. R. A., (N. S.), 216; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y., 127, 78 N. E., 697, 116 Am. St. Rep., 536; *Ballard* v. *Ward*, 89 Pa. St., 358; 1 R. C. L., 618; 1 C. J., 1400.

The exceptions have no favor.

*Exceptions overruled.*
*Case remanded.*