JOHN CASHMORE, Individually and as Vice-Chairman of the Council Created under the New York City Charter, Plaintiff, *v.* FIORELLO H. LAGUARDIA, Individually and as Mayor of the City of New York, and Others, Defendants.

Supreme Court, Special Term, New York County, November 24, 1939.

*Rubenstein & Rosling*, for the plaintiff.

*William C. Chanler, Corporation Counsel [Leo Brown* of counsel], for the defendants.

McLaughlin, J. The plaintiff is vice-chairman of the city council. He has brought this action for a declaratory judgment to settle his alleged right to sit as a member of the board of estimate when the mayor is absent from the city of New York. Both sides have moved for judgment on the pleadings. It is conceded that there are no questions of fact involved and the issue is solely one of law.

The only question to be determined by the court on this application is with respect to the vice-chairman's rights in the absence of the mayor. Under the express and unambigious provisions of the New York City Charter, the vice-chairman is entitled to membership in the board of estimate whenever the president of the council is acting as mayor.

The plaintiff relies in part upon section 29 of the charter for his right to sit upon the board of estimate. The portion of the section in point here is as follows: " The council shall elect from among the councilmen a vice-chairman, who shall possess the powers and perform the duties of the president of the council when the president is absent or while he is acting as mayor, or when a vacancy occurs in said office, and he shall, during such times, retain his right to vote and shall be a member of every board of which the president of the council is a member by virtue of his office."

When this section is read in conjunction with the other portions of the charter concerning the duties of these officials, it would appear that the plaintiff is correct as to his interpretation of the charter as it is presently worded. This court is bound by the sections of the charter as they exist and may not read into it provisions that are not there. (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, 136; *Fifth Avenue Bank* v. *Colgate,* 120 id. 381, 392; *People ex rel. N. Y.*

*C. & H. R. R. R. Co.* v. *Woodbury*, 208 id. 421, 425.) Certainly as these sections now stand, it is quite apparent that during the absence of the mayor the president of the council sits and presides in the place of the mayor. In the president's place, the vice-chairman is entitled to sit and vote.

Section 29 of the charter definitely provides that while the president of the council " is acting as mayor," the vice-chairman of the council " shall be a member of every board of which the president of the council is a member by virtue of his office." Since the president of the council is a member of the board of estimate by virtue of his office (Charter, § 61), the vice-chairman of the council is entitled to membership in the board of estimate whenever the president of the council is acting as mayor.

Section 10 of the charter expressly provides that the president of the council shall act as mayor " while the mayor shall be prevented from attending to the duties of his office by reason of * * * absence from the city * * *." The language of the section appears to be mandatory, so that the president of the council automatically becomes mayor during the latter's absence from the city. Subdivision b of section 10 provides, however, that certain powers of the mayor may not be exercised by the president of the council while acting as mayor until the mayor's sickness or absence shall have continued thirty days and certain other powers of the mayor until the mayor's sickness or absence shall have continued for nine days. One of the powers of the mayor which the president of the council, acting as mayor, may not exercise until the mayor has been sick or absent for thirty days, is " any power lawfully delegated by the mayor to the deputy mayor."

Defendants contend that the provisions of these sections of the charter are controlled and rendered inoperative by section 9 thereof. Section 9 of the charter authorizes the mayor to appoint a deputy mayor and to confer upon the latter authority to " act in the place of the mayor as a member of the board of estimate * * * but not as chairman thereof." Section 63 of the charter provides that in the mayor's absence the president of the council shall preside at meetings of the board of estimate.

Section 9 gives to the mayor the right to appoint a deputy mayor to act in his place as a member of the board of estimate, but not as its chairman. However, there is no merit to the contention that this section nullifies sections 10 and 29 because all these sections relating to the duties of these various officials must be read in harmony. It has been shown that sections 29 and 10 control the right of the vice-chairman to sit in the board in place of the president of the council when he is acting as mayor during the latter's absence from the city. Section 9 merely gives the mayor the right to appoint

a deputy mayor to act in his place as a member of the board, and not as its chairman. The law requires that the intention of the Legislature be given effect with respect to all the sections of the charter and makes every other rule of statutory construction subordinate thereto. It is the duty of the court to see that all these provisions are reasonably carried out and to reconcile them so as to make them consistent, harmonious and sensible. (*Matter of Smith* v. *Bd. of Supervisors*, 148 N. Y. 187, 193; *Matter of Terry*, 218 id. 218, 222; *Kuhn* v. *Knight*, 190 id. 339, 346; *Smith* v. *Brooklyn Savings Bank*, 101 id. 58, 62; *Price* v. *County of Erie*, 221 id. 260, 266; *Hascall* v. *King*, 162 id. 134, 139.) It is plain that it was never intended by the framers of the charter that the provisions of section 29 were to be rendered nugatory by the mayor's designation of a deputy mayor to act for him. Passing by the indefinite character of the provisions of section 9, it is quite clear that even if we consider them to be definite, they cannot overrule by indirection the express and definite provisions of sections 29 and 10. The only limits upon the president's right to act as mayor are found in section 10. If we read the three sections together and in conjunction with the remainder of the charter and consider the purposes thereof, it is but logical and in consonance with the canons of statutory construction that, while the president of the council acts as mayor, the deputy mayor has no place therein and the president's position as a member of the board of estimate is filled by the vice-chairman as soon as the former acts as mayor.

As the court sees it, the president, in the absence of the mayor, acts as mayor except as his authority is limited by the provisions of section 10. To rule otherwise would be to say that the provisions of sections 29 and 10 are in effect repealed by those of section 9. Such is not the expressed intention of the Legislature, and such a view is contrary to the charter when read as a whole. All the sections may stand and operate together, but they must receive that construction which carries into effect the entire charter. The fear expressed that short absences from the city of the mayor will hamper the carrying out of the policy of any administration is not well founded because the latter portion of section 10 prevents any heedless or improper action on the part of the president. From a reading of the entire act the only reasonable conclusion that can be drawn is that during every absence from the city by the mayor, he is prevented from attending to the business of his office either directly or by his agent, the deputy mayor, because the moment he leaves the city, under the provisions of the charter, the president of the council becomes acting mayor.

Plaintiff's motion for judgment on the pleadings is granted, and the defendant's motion for similar relief is denied.