**STALEY, Admr., Plaintiff-Appellee, v. HONEYMAN et, Defendants-Appellees, HUNT, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 454. Decided November 18, 1950.

Shipman & Shipman, Troy, Berry, McCulloch & Felger, Piqua, for plaintiff-appellee.

Ellis W. Kerr, Troy, for Margaret Frantz Hunt, defendant-appellant.

Faust & Faust, Troy, for James D. Frantz, defendant-appellee.

## OPINION

By THE COURT:

The appeal is on questions of law from a judgment of the Probate Court of Miami County holding that appellee, James D. Frantz, an adopted son of Samuel C. Frantz, is entitled to inherit from the decedent, Emma Grisso, under the statute of descent and distribution of the State of Ohio that share which would have been inherited by his adopting parent, Samuel C. Frantz, if he had been living at the time of the decedent's death.

The judgment entry is comprehensive and sets out findings of fact as well as conclusions of law. It states the questions involved in this language;

1. Whether an adopted child's right to inherit is governed by the rights of inheritance in force at the time he was adopted or the laws in force at the time of the decedent's death.

2. Whether an adopted child has the right to inherit collaterally through as well as from his adopting parent.

The court answering the first question held that the child's right to inherit is governed by the statutes in force at the time of decedent's death and answered the second question in the affirmative.

It is seldom that the Court is favored with such comprehensive and complete briefs as counsel have presented on this appeal. We think that no case in Ohio which touches the question has been omitted and the analysis of the cases is thorough and learned. It is an invitation to the Court to write an extended opinion and it would necessarily be extended if effort was made to consider and review all the applicable cases.

We are of opinion that it would serve no good purpose to prolong the decision in this Court by a reiteration of the law of Ohio affecting the right of adopted children to inherit under our statutes and sections of the General Code. We reach this conclusion because of the judgment and opinion of the Supreme Court in two cases. Flynn v. Bredbeck, decided July 17, 1946 and In Re Estate of Friedman, decided June 19, 1950, and particularly the former. Both of these cases are of comparatively recent release and, of course, are binding upon this Court. In Flynn v. Bredbeck, the court

gave no specific attention to the question whether the statute in effect at the time of the adoption, or at the time of the death of decedent, controlled. But the language of this opinion is so general and inclusive as to require us to resolve the issue here in favor of the appellee.

If the judgment is disturbed it should be done by the Supreme Court making differentiation between the cited cases and the instant case.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.