ELVA T. WILLIAMS, ASSIGNEE OF OLIVER BAKER, APPELLANT
FROM DECREE OF JUDGE OF PROBATE,
VIRGIL N. THOMPSON, APPELLEE

Somerset.   Opinion, July 23, 1958.

*Anthony J. Cirillo*, for plaintiff.

*Harry R. Coolidge*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
DUBORD, SIDDALL, JJ.

SIDDALL, J.   This case is before the Law Court on exceptions to a decree of the Supreme Court of Probate, affirming a decree of the Judge of Probate of Somerset County.

The Judge of Probate ordered distribution of the balance of personal property in the hands of the administrator of the estate of an adopted person to Virgil N. Thompson who claimed the estate through an adopting parent of the decedent.

It appears from the record in the case that on the fifth day of November, 1884, Otis H. Thompson and Lois E. Thompson, husband and wife, adopted Mabel Nevins, the decedent, an illegitimate child of Annie Nevins. Mabel Nevins married George S. Williams and died intestate on October 12, 1954, leaving no issue. George S. Williams predeceased his wife, the adopted person, and all of the property possessed by her at the time of her death had been inherited from her said husband. None of such property came from her natural mother or from any member of her mother's family. Letters of administration were issued to Virgil N. Thompson, the Appellee in this case. Under date of April 7, 1956, a petition for distribution was filed, asking that the balance of property in the hands of the administrator be ordered distributed to said Virgil N. Thompson, named in the petition as a nephew. Otis H. Thompson and Lois E. Thompson, both of whom predeceased Mabel T. Williams, had one son who died prior to the death of Mabel T. Williams, leaving as his only child and heir, the said Virgil N. Thompson. On the eighth day of April, 1957, by decree of Probate Court, the administrator was ordered to distribute the balance in said estate to the said Virgil N. Thompson. An appeal to the Supreme Court of Probate was filed by Elva T. Williams, Assignee of Oliver Baker, claiming that Virgil N. Thompson was not a legal heir-at-law of the deceased and that Oliver Baker, a cousin of the deceased through her natural mother, was the sole legal heir of the deceased. The Justice in the Supreme Court of Probate affirmed the decree of the Probate Court and dismissed the appeal.

The issue in this case is whether the property of an adopted person dying intestate should be distributed in accordance with the law in effect at the time of the adoption or in accordance with the law in effect at the time of the death of the adopted person.

Legal adoption by one person of the offspring of another was unknown at common law and exists only by virtue of statute. See *Simmons, Appellant,* 121 Me. 97. The first Legislative Act providing for the adoption of children is set forth in P. L., 1855, Chap. 189.

In the instant case the adoption was authorized under the provisions of R. S., 1883, Chap. 67. Under the provisions of this legislation an adopted child had the right of inheritance from its adopting parents when not otherwise expressed in the decree of adoption. The order of adoption specifically excluded the right of inheritance on the part of the adopted child.

At the time of the adoption there was no statutory provision authorizing inheritance *from* an adopted person to an adopting parent or the kindred of an adopting parent.

R. S., 1954, Chap. 158, Sec. 40, the pertinent statute relating to the descent of property of an adopted person in force at the death of Mabel T. Williams, contains the following provision:

"If the person adopted died intestate, his property acquired by himself or by devise, bequest, gift or otherwise before or after such adoption from his adopting parents or from the kindred of said adopting parents shall be distributed according to the provisions of chapter 170, the same as if born to said adopting parents in lawful wedlock; and property received by devise, bequest, gift or otherwise from his natural parents or kindred shall be distributed according to the provisions of said chapter 170, as if no act of adoption had taken place."

R. S., 1954, Chap. 170, Sec. 1, Par. VI, relating to the rules of descent of intestate property contains the following provision:

"If no such issue, father, mother, brother, or sister, it descends to his next of kin in equal degree; when

> they claim through different ancestors, to those claiming through a nearer ancestor in preference to those claiming through an ancestor more remote."

The property owned by the decedent was not received in any manner from her natural mother or kindred. Such property for the purposes of this case was properly acquired by the decedent herself. This property passes to the kindred of the adopting parents, in this case Virgil N. Thompson, providing that the descent and distribution of the property is governed by the law in effect at the time of the death of the decedent.

The law is settled in this state that the right to inherit property from or by an adopted person is determined by the law of descent in effect at the time of the death of the intestate.

In *Appeal of Latham*, 124 Me. 120, the issue concerned the right of an adopted child to inherit from an adopting parent. The statute in operation at the time of the adoption gave no right of inheritance to a child from an adopting parent. At the death of the adopting parent the statute in force gave an adopted child the right of inheritance, with certain exceptions immaterial to the issues in the case. The court in that case said:

> "It is only too clear that the enactment of 1917, conferring upon certain adopted children an heritable status, not theretofore possessed by them, disturbed no existing right or obligation. The adoption itself was not thereby changed. No wedlock-born child was deprived of heirship, for he could not be an heir-at-law while his parent was yet living. The adopting father remained free to dispose of his estate by will, or in other manner, so far as children were concerned, if he would. The statute could find application only in intestacy afterward transpiring.

Of course the law was intended to be retrospective, in the sense that it applied to adoptions decreed previously, but where an adoptive parent died intestate antecedent to the statute, then that statute was subservient to the other statute which had vested the estate at his death to the exclusion of the adopted child.

The rights of descent flow from the legal status of the parties, and where the status is fixed, the law supplies the rules of descent, with reference to the situation as it existed at the death of the decedent."

In the case of *Gatchell et al.* v. *Curtis et al.*, 134 Me. 302, the decedent was an adopted son under decree dated April 20, 1895. The adopted son under the will of his adopting father, who died in 1910, received property which comprised the entire estate of the adopted son at the time of his death. The plaintiffs were legatees under the will of the adopted son. The adopted son died leaving no issue and no blood relatives, but was survived by a brother of his adopting mother and a sister of his adopting father. The widow of the adopted son waived the provisions of the will and claimed the entire estate because, according to her contention, the deceased was survived by no kindred. The real question to be decided was to whom would the estate have gone had the adopted son died intestate. If any part of it would have descended to the kindred of the adopting parents, the claim of the widow to the entire estate failed. Counsel for the widow argued that the term "kindred" as used in the statute providing for descent and distribution referred only to blood kindred. At the time of the adoption no right of inheritance *from* the adopted person existed. At the time of the death of the adopted person, the statute in force, P. L., 1917, Chap. 245, contained the exact language used in R. S., 1954, Chap. 158, Sec. 40, in providing that intestate property of an adopted person acquired by himself or by devise, bequest, gift, or otherwise before or after such

adoption from the adopting parents or from the kindred of such adopting parents should be distributed in accordance with the laws of descent and distribution, the same as if born to the adopting parents in lawful wedlock. In that case the court said:

"Counsel for the widow contends, however, that such statute having been passed since the adoption does not control, that it is the act which was in effect at the time of the adoption which determines the rights of the parties.

Such is not the law. The case of Latham, Appellant, 124 Me., 120, 126 A., 626, is a direct authority to the contrary. A decree of adoption entered in accordance with power conferred by statute fixes the status of the child; it divests the natural parents of control and establishes the rights and obligations of the foster parents. It does not settle for all time the child's right to inherit property. That remains as in the case of all persons subject to legislative regulation, until it becomes vested by the death of him whose estate may be subject to administration. The same principle of course applies to the rights of those who may inherit from the child. The rule is well set forth in Latham, Appellant, supra, at page 122, in the following language:

'The rights of descent flow from the legal status of the parties, and where the status is fixed, the law supplies the rules of descent, with reference to the situation as it existed at the death of the decedent.'

The following authorities support this same general doctrine. *In re Clarence E. Crowell's Estate*, 124 Me., 71, 126 A., 178; *Gilliam* v. *Guaranty Trust Company of New York*, 186 N.Y., 127, 78 N.E., 697; *Sorenson* v. *Rasmussen*, 114 Minn., 324, 131 N.W., 325; *The Brooks Bank & Trust Company* v. *Rorabacher*, 118 Conn., 202, 171 A., 655; 1 *Am. Jur.*, 659; 1 C.J., 1400."

The following cases may be added to those set forth above: *Gamble* v. *Cloud,* 263 Ala. 336, 82 So. (2nd) 526. (1955) ; *Wyman, Appellant,* 147 Me. 237, 86 A. (2nd) 88; *Re Fodor,* 202 Misc. 1100, 117 N. Y. S. (2nd) 331. (1952) ; *Staley* v. *Honeyman* (App.) 59 Ohio L. Abs. 203, 98 N. E. (2nd) 429, affd. 157 Ohio St. 61, 104 N. E. (2nd) 172. (1952) ; *McFadden* v. *McNorton,* 193 Va. 455, 69 S. E. (2nd) 445. (1952). See, also, annotation in 18 A. L. R. (2nd) 960, in which *Appeal of Latham,* and *Gatchell et al.* v. *Curtis et al., supra,* are cited.

The decree of the Justice of the Supreme Court of Probate was in accordance with the established law of this state.

*Exceptions overruled.*