Williams, Judge,
delivered the opinion of the court:
This is a suit by an officer of the United States Navy to recover the sum of $263.20, additional rental and subsistence allowance over that received by him, as such officer, for the period from December 1, 1927, to February 29, 1928.
There is no controversy as to the facts. The sole question for determination by the court being, whether a legally adopted minor child is a “ dependent ” within the meaning of the officers’ pay act of June 10, 1922 (42 Stat. 625).
Section 4 of the said act provides as follows:
“ That the term £ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
The plaintiff contends that the term “children” as used in section 4, aforesaid, includes a child legally adopted under section 395 of the District of Columbia Code (act of February 26, 1895) which reads as follows:
“ That jurisdiction is hereby conferred on any judge of the supreme court of the District of Columbia to hear and determine any petition that may be presented by a person or a husband and wife residing in the District of Columbia, praying the privilege of adopting any minor child as his or her or their own child, and make such minor child an heir at law.- If the judge shall find, upon the hearing of such petition, that the petitioner is a proper person to have custody of such child and that the parent or parents or guardian of such child have given their permission for such adoption, he shall enter an order upon the records of the court legalizing such adoption and making such child an heir at law of such petitioner the same as if such child was born to such petitioner. If the child has no parent or guardian, the judge shall appoint a guardian ad litem.”
*264 Under the authority conferred by this act, the Supreme Court of the District of Columbia, on July 25, 1922, duly entered an order adjudging that the plaintiff was a proper person to have the custody of the minor child, Sarah Willoughby Atkinson, and by said order and decree the said minor child was legally adopted by the plaintiff and thereby became his heir at law, the same as if she had been born to the plaintiff.
At the time of the enactment of the officers’ pay act in 1922, the laws of every State in the Union, as well as in the District of Columbia, provided for the adoption of minor children. While the statutes of the various States differ somewhat in their detailed provisions, their general effect is to fix the status of the adopted child to the adoptive parent as substantially the same as the status of a natural child and a natural parent. By the act of adoption the child becomes, in a legal sense, the child of the adoptive parent, and the relationship of the parties, their duties, rights, and legal obligation, one to the other, become the same as if such relationship had been created by nature.
Funk and Wagnall’s Standard Dictionary, 13. Law, defines the word “ adoption ” to mean:
“‘The legal act whereby an adult person takes a minor into the relation of a child, and thereby acquires the rights and incurs the responsibilities of a parent in respect to such minor.’ N. Y. Stat. June 25, 1873, ch. 830.”
“The child adopted under such an act becomes, for all legal purposes, the child of the person adopting it, and on the death of such person (intestate) will inherit as a child in preference to a nephew. 13 La. Ann. 516.”
Where the word “child” or “children” has been used in a statute without qualification or limitation, the courts, both State and Federal, have uniformly held, so far as we have been able to find, that such term includes adopted as well as natural children.
The words “ issue,” “ children,” “ kindred,” and the like in statutes of descent and distribution, include adopted children, in the absence of anything indicating a contrary intent. 1 Corpus Juris 128, p. 1399, citing Newman's Est., 75 Cal. 213; In re Walworth, 85 Vt. 322; Riley v. Day, 88 Kan. 503; *265 Gammons v. Gammons, 212 Mass. 454; Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697.
The Supreme Court of Kentucky held in construing a criminal statute, making the abandonment by a parent of a minor child a felony, that the statute included and was applicable to the abandonment of an adopted child by the adopting father. Com. v. Kirk, 212 Ky. 646.
The Supreme Court of Illinois construed the term “ child ” or “ children ” as used without qualification in the Police Pension Fund Act of that State, to include adopted children. Ryan v. Foreman et al., 262 Ill. 175.
In Ransom, Admr., v. New York, Chicago & St. Louis Railway Co., 90 Ohio 223, the Supreme Court of Ohio construed the words “ parents ” and “ children,” in the Railroad Employees Liability Act of April 22, 1908 (35 U. S. Stat. c. 149), to include adopting parents and adopted children.
The court said:
“ It is quite evident that much depends upon the construction of the words ‘parents’ and ‘children.’ There is no limitation or qualification of the words under the Federal statute.”
After quoting from the Ohio statutes, the court continued:
“ It will be observed here that the same words, ‘ parents ’ and ‘ children ’ are used without limitation or qualification, as are used in the Federal statute.
“Another Ohio statute, however, which may be known as the adopting statute of Ohio, reads as follows:
“ ‘ Seo. 8029. When the foregoing provisions are complied with, if the court is satisfied * * *, it shall make an order setting forth the facts, and declaring that, from that date, to all legal intents and purposes, such child is the child of the petitioner, * * * ’
“ Then follows section 8030, to the effect:
“ ‘ * * * Such child shall be the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges and subject to all obligations of a child of such person begotten in lawful wedlock.’
$ *
“These sections of the statutes (sections 8029 and 8030,. General Code) are so plain and palpable that they need no-construction. They are their own interpreters. Thousands-of children who otherwise, through some misfortune deny *266 ing them proper natural parentage, have been by the law of the land, the adoption statutes, provided with comfortable homes and legal parents. Certainly, where statutes are so simple and so certain of their purpose and provisions as the "statutes in question, no court should pervert or divert their terms so as to defeat the sound and wholesome public policy announced in these most humanitarian laws, providing as they do children for childless parents and parents for parent-less children.
“ When section 8029 provides that upon such adoption such child is the child of the adopters 4 to all legal intents and purposes,’ it is difficult to understand by what process of legal logic the rights shall be cut down or impaired from the rights it would have as a child born in lawful wedlock.”
An adoptive parent is ordinarily liable for the support of an adopted minor child to the same extent as a natural parent would be liable, and the natural parent is relieved of responsibility. 1 Corpus Juris 1396, citing Beach v. Bryan, 155 Mo. A. 33, 133 S. W. 635; Brown v. Welch, 27 N. J. 429; Moncrief v. Ely, 19 Wend. (N. Y.) 405.
The word “ children,” used in the officers’ pay act of 1922, is not limited or qualified in any way other than that they shall be unmarried and under twenty-one years of age. Congress used the word “ children ” without qualification or limitation, with full knowledge of the fact that the courts construed the word, when so used in other statutes, to include adopted children the same as natural children.
The framers of a statute are presumed to intend that the woz’ds used be accorded their ordinary meaning and recognized legal significance. To hold the word “ children ” as it appears in this statute does not include adopted children would be to give the word a restricted meaning, different from that in which it is commonly used and understood, and .at variance with the construction consistently placed upon it by the courts.
The extra rental and .subsistence allowance awarded officers under this statute is for dependents. An adopted child is dependent on its adoptive father morally and legally. He owes to it all the obligations and duties, including maintenance and education, he would owe to a natural child. *267 He is not only liable under the civil law for its support, but is liable to prosecution under the criminal law if he abandons it and refuses to furnish it proper support.
We have carefully examined the cases cited by the defendant and also the cases upon which the Comptroller General based his decision that the word “ children ” as used in the officers’ pay act does not include adopted children. The facts in the cases cited are, we think, in each instance clearly distinguishable from the case at bar and are not in point on the question here presented. They do not announce a rule contrary to that heretofore stated, that where the word “ children ” is used in a statute without limitation or qualification the word includes adopted children.
The plaintiff is entitled to recover rental and subsistence allowance payable to an officer of his rank with an unmarried minor child for the period from December 1, 1927, to February 29, 1928, amounting to $263.20.
Judgment for that amount is awarded. It is so ordered.
LittletoN, Judge; GheeN, Judge; and Booth, Chief Justice, concur.