Booth, Chief Justice,
delivered tbe opinion:
Tbe plaintiff, a commissioned officer of tbe Navy on active duty, sues to recover rental and subsistence allowances in accord with bis rank, on account of tbe alleged adoption of bis brother, a minor child. Tbe period claimed for extends from October 12, 1927, to date of judgment in this case.
Tbe suit is based upon tbe acts of June 10, 1922 (42 Stat. 625), May 31, 1924 (43 Stat. 250), and February 21, 1929 (45 Stat. 1254). Tbe act of June 10, 1922 (supra), provides in part as follows:
“Sec. 4. That the term 'dependent’ as used in tbe succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include tbe mother of tbe officer, provided she is in fact dependent on him for her chief support. ”
This court, in tbe case of Byrnes, Jr., v. United States, 70 C. Cls. 261, 264, said:
‘‘While tbe statutes of tbe various States differ somewhat in their detañed provisions, their general effect is to fix the status of tbe adopted child to tbe adoptive parent as substantially tbe same as tbe status of a natural chñd and a natural parent. By tbe act of adoption tbe chñd becomes, in a legal sense, tbe cbñd of tbe adoptive parent, and tbe relationship of tbe parties, their duties, rights, and legal obligation, one to tbe other, *677 become the same as if such relationship had been created by nature. ”
If the plaintiff is to recover it is incumbent upon him to establish a legal adoption of his brother, for otherwise the statute precludes the right. The facts are in nowise seriously disputed. The real issue is, did the father and mother of the plaintiff’s minor brother lawfully waive their parental control and custody of Robert P. Butler in favor of the plaintiff herein? The laws of Texas, which concededly apply, are as follows:
“Art. 42. (1) Mode of adoption. — Any person wishing to adopt another as his legal heir shall file in the office of the county clerk of the county in which he resides a written statement signed by him and duly authenticated or acknowledged as deeds are required to be, reciting in substance that he adopts the person named therein as bis legal heir, and the same shall be admitted to record in said office. (Acts 1850, p. 36; G. L. vol. 3, p. 474.)
“Art. 43. (2-5) Bights of adopted heir. — When such statement is so recorded it shall entitle any child so adopted to all the rights and privileges, both in law and equity, of a legal heir of the adoptive parent, as a child had by law against lawful parents. If the adoptive parent has at the time of such adoption, or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the adoptive parent. (Id.: Acts 1907, p. 103.)
“Art. 44. (3-4-6) Authority transferred. — The parent or parents of a child who is to be so adopted may, by an instrument in writing duly signed and authenticated or acknowledged as deeds are required to be, transfer their parental authority and custody over such child to the adoptive parent. Where the lawful parent or parents have voluntarily abandoned such child and left it to the care of others for a period of at least three years, or voluntarily left it to be cared for by charity for a period of at least three years, and such child shall be so adopted, such parent or parents shall be held to have transferred their parental authority and custody over said child to the adoptive parent; and in all such cases such lawful parents shall thereafter be barred from exercising any authority, control or custody over the person or estate of such child as against the adoptive parent. No adoptive parent shall transfer his authority and custody to any other person. (Acts 1907, p. 103; Acts 3rd C. S. 1920, p. 115.)
*678 “Art. 45. (7) Authority of court. — Nothing in this title shall prevent a court of competent jurisdiction from taking away from such adoptive parent the custody of the adopted child and awarding the same to its natural parents, or either of them or to any other person, upon proof of the bad moral character of such adoptive parent, or upon proof of abuse, neglect or ill treatment of such adopted child by the adoptive parent.” (Id.)
Obviously, under the above quoted acts, it is possible to adopt a minor and thereby make the adopted one the lawful heir of the adoptive parent, and thus confer upon the adopted the single right of inheritance. Eckford v. Knox, 67 Tex. 200. It is likewise apparent that a minor may be adopted and by adoption not only obtain the right of inheritance but by proper proceedings upon the part of the natural parents of the adopted, have all parental authority and custody transferred to the adoptive parent. In the first instance, the effect of adoption is limited to the right of inheritance, and manifestly such a proceeding can not entitle the plaintiff to recover in this case. Whatever else may be said, the plaintiff to recover must establish a legal adoption which brings about parental care and custody, thereby establishing the relationship of parent and child. The findings show that the plaintiff did on February 26, 1927, comply with articles 42 and 43 of the Revised Civil Statutes of Texas quoted above. This is admitted. The natural parents of the adopted unquestionably, on the 12th day of October, 1927, undertook to transfer to plaintiff the parental control and custody of the adopted when they executed the following instrument:
State of Texas,

County of Harris:

Before me, the undersigned authority, on this day personally appeared St. John Butler and wife, Blanche Butler, residents of Harris County, Texas, who after being duly sworn say:
That affiants are the parents of Robert Pierce Butler, a minor, who is fifteen (15) years of age.
That they were and are agreeable to the adoption of their said minor son by Harry St. John Butler, which was accomplished by an instrument executed on February 26, 1927; and that affiants further waive all parental control and *679 custody of said minor in favor of the said Harry St. John Butler.
(Signed) St. JohN Butler.
(Signed) BLANCHE Butler.
Sworn to and subscribed before me on this 12 day of October, A. D. 1927.
(Signed) Jesse E. Moseley,

Notary Public in and for

Harris County, Texas.

[NOTARIAL SEAL.]
The sole question at issue is whether the instrument of October 12, 1927, executed by the natural parents of the adopted complied with article 44 quoted above. We think it did not. Adoption under the Texas laws, as construed by the State courts, has uniformly been held to exact a strict compliance with the acts authorizing the procedure. The granted right to adopt for inheritance and the additional right to attain the status of parent and child under the decisions of the Texas courts entail different responsibilities. Under the first no liability attaches to the adoptive parent for support and maintenance of the adopted, whereas under the latter the customary legal liabilities of parent and child obtain. Taylor v. Deseve, 81 Tex. 246. Regarding the surrender of natural parents of the custody and control of their own minor children as a proceeding involving an act of solemness and consequences, evidently the courts of Texas have in more than one case exacted strict compliance with the law to effectuate the purpose.
In Sears v. Davis, 19 S. W. (2d) 159, the Court of Civil Appeals of Texas (1929) held that a written instrument signed by a child’s mother authorizing an orphan asylum to find a home for the child, and, whether adopted or not, the mother waived “any and all liability that may accrue by virtue of the hereinbefore-mentioned authority, and agree that no accounting shall be made to me at any time of the whereabouts of the said child,” was in effect a mere power of attorney to the orphan asylum and was without force and effect as a release or transfer of the right of custody of the child, even though the child had been duly adopted by the Davises strictly in compliance with the provisions of the statute. The opinion stated in part:
*680 “Manifestly the purpose of article 44 was to make certain the conditions under which a person contemplating the adoption of a child could do so with the assurance that he would thereafter have all the rights to the custody of the child that a natural parent would have. Since the law looked with disfavor upon such agreements, and the validity of such an agreement was dependent upon the statute, it necessarily follows that the provisions of the statute must be, at least substantially, complied with.” (P. 161.)
In Royal Neighbors v. Fletcher, 230 S. W. 476, it was held in a Texas court that an instrument reciting that a member of the fraternal insurance order had adopted an infant, followed by the words “subscribed and sworn to before me,” the signature of a justice of the peace and ex officio notary, was not valid as an instrument of adoption in that it was not witnessed or acknowledged so as to be admissible to registration as in case of a deed.
In Kurtz v. State, 277 S. W. 685, a decision rendered in Í925, the Texas Court of Criminal Appeals held that an adopting parent who had complied with the provisions of the statute permitting adoption was not responsible for the support of the child adopted by him, where it appeared that the parents of the child had not released their parental authority as required by the statute.
In Reeves v. Tunnell, 21 S. W. (2d) 365, the Court of Civil Appeals of Texas in 1929 held that even though a parent had verbally agreed to permit his child to be adopted and the instrument of adoption had been executed as required by the statute, and the child had been in the custody of the adopting parent for two and one-half years, there was nevertheless no right of control and custody in the adopting parent, in the absence of a literal compliance by the natural parent with the statutory provisions covering the transfer of authority of the parent. The decision stated, in part, with reference to article 44, covering transfer of parental authority:
“We are of opinion that this statute was enacted for the purpose of regulating and controlling the transfer by parents of their parental authority to another, and, being comprehensive of the subject dealt with, we think excludes any other plan or method for the transfer of parental authority and custody than that specifically designated in said statute, *681 namely, (a) the parent or parents of a child who is to be adopted in accordance with the provision of article 42, Id., may by an instrument in writing duly signed and acknowledged, as deeds are required to be, transfer their parental authority and custody of such child to the adoptive parent; * * * ” (P. 368.)
In Bell v. Thomsen, 273 S. W. 1109, the decision dealt with the answers to certified questions, in connection with which the Commission of Appeals of Texas, section B, made the following observations:
“It is settled that the effect of adoption under these statutes was not to invest the adopted person with any contractual or property right, nor to induct him into the family of his adopter, but was solely to make him a legal heir for the purpose of inheritance, subject to being pretermitted by will, and, in the absence of the latter, entitled to priority, if he were alive at the death of the adopter, to persons in any remoter rank of descent; * * V
With reference to the requirements of the statutes that the instrument of adoption should be in writing and “signed and duly authenticated or acknowledged, as deeds are required to be,” the opinion stated, with reference to the word “authenticated,” the key to the requirement—
“a writing has always been considered as authenticated and entitled to registration when 'acknowledged or proven for record' before a proper officer then certifying to such fact.” (P. 1110.)
The plaintiff in the instant case failed to effectuate a lawful adoption of his younger brother under the laws of Texas by reason of the insufficiency of the waiver of custody and control by his parents, i. e., an adoption as heir did not necessarily entail the responsibility of dependence or personal control of the adopted one. The plaintiff’s payments, we think, were made in a worthy response to his father’s appeal for help.
Plaintiff’s own testimony is authority for the fact that prior to the period in question here his father had called upon him for financial help, reminding the plaintiff of the sacrifices, that had been made to send him to Annapolis. The only evidence of expenditures of money by plaintiff for and on behalf of his younger brother, the contended-for dependent, was the payment of said $754 to the Blue Ridge School for his *682 maintenance and support during a portion of the period, and the payment to Robert Pierce Butler of the sum of $284.
The plaintiff’s other evidence of expenditures is the exhibiting of checks sent by him to his father in the total sum of $995, and to his mother in the sum of $528. Obviously, the money sent to the Blue Ridge School was an expenditure made on behalf of Robert Pierce Butler, but there is nothing to show that the money received by the plaintiff’s father and mother was used by them for any other purpose than household and other expenses.
The decision in Byrnes, Jr., v. United States, supra, relied on by plaintiff, does not support this claim. The special findings of fact in that case convincingly evidence a complete and legal adoption, a status which does not obtain herein. We can not ignore the decisions of the Texas courts upon the subject of adoption of which there are too many additional ones to cite, and the petition will have to be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Green, Judge, concur.